GOTHARD, Judge.
Defendant receiver of bankrupt insurer appeals from the judgment rendered against it in plaintiff-mortgagee’s suit on a collision policy’s loss payable clause.
The facts are not in dispute. On March 29, 1984, Calenthea Stephenson purchased an automobile from Bergeron Plymouth-Chrysler, Inc. for $11,810.12. The credit portion of the purchase price was represented by a promissory note and secured by a chattel mortgage on the automobile. Stephenson had previously obtained on March 26, 1984 an insurance policy with Lloyd’s of Louisiana through Falgout Insurance Agency and, pursuant to the purchase agreement, had Chrysler Credit Corporation (assignee of the contract from Bergeron) named as loss payee under the collision and comprehensive sections of the *247 policy, effective April 11,1984. On April 5, 1984, the automobile was involved in an accident and rendered a total loss. The insured, Ms. Stephenson, submitted a claim for the loss and was issued a draft from Lloyd’s in the amount of $6,987 on June 5, 1984. Ms. Stephenson cashed the check, which was made payable to her alone, and kept the proceeds. She subsequently declared bankruptcy and discontinued payments to Chrysler Credit leaving a $6,450.88 balance owed on the mortgage debt as of November 7, 1985. Thereafter, Chrysler Credit filed suit against Lloyd’s of Louisiana to recover its interest in the insurance proceeds as loss payee under the policy on January 6,1986. Because Lloyd’s of Louisiana was later adjudged insolvent and placed in receivership, Louisiana Insurance Guaranty Association (LIGA) was substituted as party defendant and it assumed responsibility for Lloyd’s outstanding obligations for covered claims as defined in LSA-R.S. 22:1375 et seq.
After submission on stipulations, exhibits and memoranda, the trial judge rendered judgment in favor of Chrysler Credit and against LIGA for $6,450.88 the balance owed on the mortgage debt plus legal interest from judicial demand and costs. LIGA appeals from this judgment.
The issues are: (1) whether plaintiff’s right to collect under the loss payable clause was affected by the insurer’s receipt of the endorsement naming plaintiff as loss payee after the loss; and (2) whether payment of the policy proceeds to the insured satisfied defendant’s obligations under the policy.
A mortgagee may protect his interest in property by a loss payable clause in an insurance policy procured by the mortgagor or by taking out a policy himself. When the policy is taken by the mortgagor, payable to the mortgagee as his interest shall appear, then the mortgagor in effect constitutes the mortgagee as his provisional appointee to whom the proceeds of the policy shall be paid to the extent of the mortgagee’s interests. The purpose of such a loss payable clause is to protect the mortgagee’s interest, which is the balance of the mortgage debt.
The insurer’s insertion of the mortgagee’s name in the policy amounts to recognition by the insurer of the mortgagee’s interest and of his appointment by the mortgagor to receive some or all of the proceeds in the event of a loss. Diaz v. Cherokee Insurance Company, 275 So.2d 922 (La.App. 4 Cir.1973). Accordingly, when an insured loss occurs, the insurer is liable for the value of the loss to the extent of the policy limits and must direct payment to the designated loss payee up to the balance of the mortgage debt. Rushing v. Dairyland Ins. Co., 456 So.2d 599 (La.1984); 5A Appleman, Insurance Law and Practice, Ch. 151 Section 3401 pp. 279-296, Section 3405 pp. 312, 313 (1970).
The defendant-appellant takes the position that because notice of the plaintiff’s endorsement to the insurance policy was received by the insurer after the loss, then by the express terms of the policy at the time of the loss plaintiff was not entitled to the insurance proceeds, and therefore Lloyd’s properly paid the proceeds to its insured. Also, that Lloyd’s payment of the proceeds to the insured satisfies defendant’s obligations under the policy.
Plaintiff counters, that on June 5, 1984, the date of Lloyd’s payment to the insured, the terms of the policy required payment to it by virtue of the loss payable endorsement, effective on April 11, 1984; and that payment of the proceeds to the insured does not satisfy said obligation.
The loss payable clause in Stephenson’s insurance policy with Lloyd’s specifically states, that a loss covered by the comprehensive or collision sections of the policy “... .is payable as interest may appear to the named insured and Berger-on-Plymouth [Chrysler Credit].”[1] The dis *248 position of the proceeds payable in the event of loss under the policy is governed by the express provision of the loss payee clause and, under the circumstances here, required the payment to the plaintiff by the insurer of the amount due under the mortgage amounting to $6,450.88. We find no merit in defendant’s contention that the plaintiffs endorsement to the policy which was received by the insurer after the loss affects plaintiffs rights as payee under the policy. We note as the trial court did that the insurer was aware of plaintiffs interests as mortgagee-payee on April 11, 1984, nevertheless it erroneously paid the policy proceeds to the insured some two months subsequent.
We also find no merit in defendant’s contention that any obligations owed by it under the insurance policy were terminated with Lloyd’s payment of the proceeds to the insured. As payee, Chrysler Credit’s interest in the insurance proceeds is measured not by its interest in the property as is the insured’s, but by the amount due on the mortgage debt (the payment which is secured), and this interest continues until the mortgage debt is paid.
The effect of issuing a policy with such a provision is to charge the insurer with a duty to pay the proceeds to the proper person, or persons, if more than one is designated. Upon loss, the insurer is liable for the value of the policy limits and must direct payment to the loss payee up to the balance of the mortgage debt, therefore as long as the mortgage debt exists, the loss payee is entitled to its interest in the proceeds. . See, Rushing v. Dairyland Ins. Co., supra, Appleman, supra. Hence, in the case before us, the mortgage debt owed Chrysler Credit by Stephenson was not extinguished by Lloyd’s payment of the insurance proceeds to Stephenson, and Chrysler Credit’s rights to the proceeds under the loss payable clause did not terminate.
It is thus clear that in paying the proceeds under the policy to the insured, the insurer violated the express provision of the loss payable clause requiring payment to the mortgagee. Accordingly, the court below properly rendered judgment in favor of the plaintiff-mortgagee and against the defendant receiver of the bankrupt insurer for the amount due under the mortgage, amounting to $6,450.88 with interest from judicial demand. Costs of this appeal are to be paid by defendant-appellant.
AFFIRMED

. A simple loss payable clause such as the one in the instant case is to be distinguished from a standard or union clause. The simple clause merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee to the extent of his interest; the standard or union clause is somewhat more specific in that it also provides that the mortgagee shall be protected *248 against loss from any act or neglect of the mortgagor or owner. Rushing v. Dairyland Ins. Co., supra; Appleman, supra.