JjWILLIAMS, Judge.
The defendant, Zola Richardson, appeals a summary judgment granted in favor of plaintiff, Sears, Roebuck and Co. For the following reasons, we amend the summary judgment in part, and affirm as amended.
FACTS
On October 20,1998, the plaintiff, Sears, Roebuck and Co. (“Sears”), filed suit against the defendant, Zola Richardson, to recover funds allegedly due on the defendant’s credit card account. Sears was at *191 tempting to recover the sum of $1,273.44 together with interest accrued from August 26, 1998, and 25% attorney’s fees. Sears alleges that, as a condition of opening the account, the defendant agreed to pay reasonable attorney’s fees and interest associated with collecting payments as a result of default. The petition also asserted that the balance had not been paid despite amicable demand via certified mail. In November 1998, Richardson filed a general denial answer, and on December 14, 1998, Sears filed a motion for summary judgment. In support of the motion for summary judgment, Sears filed into evidence a demand letter, an unsigned credit card agreement, a “Verified Statement of Account and-Affidavit of Non-military Service,” a “Supplemental Affidavit of Correctness of Account” and a document entitled “Account Work Screen.”
The demand letter, dated September 17, 1998, included the defendant’s alleged credit card account number as well as an amount due of $1,273.44. Attached to the demand letter was a return receipt signed by the defendant. The “Verified Statement of Account and Affidavit of Nonmilitary Service” is a sworn statement signed by Kanta Hirway, a Legal Specialist employed by Sears. The statement asserted that Hirway was familiar with the records pertaining to the defendant’s account and that the amount due on the account, over and above all legal set-offs and counter claims, was $1,273.44 as of September 8, 1998. The | ¿‘Supplemental Affidavit of Correctness of Account” was signed by Vikki Allen, an employee of the attorney representing Sears in collecting on the defendant’s account. Allen asserted she was “primarily responsible for this file” and was familiar with the defendant’s account. According to Allen, the matter was received by the attorney’s office on August 26, 1998 and had been “continually monitored since that date.” Allen also maintains that on September 16, 1998, Sears indicated that the balance due on the defendant’s account was $1,273.44 together with interest from August 26, 1998, and attorney’s fees in the amount of 25 % of the total of both principal and interest. The supplemental affidavit was signed by Allen on November 6, 1998. Neither the affidavit of Allen, nor the verified statement of Hirway made any reference to the “Account Work Screen,” which appears to have been generated on August 24, 1998, although by whom and for what reason is unclear.
The memorandum in support of Sears’ motion for summary judgment stated that Sears had “filed an affidavit of correctness of account certifying the balance and terms sued upon as well as verifying the attached credit terms and itemized statement of account.” The memorandum also stated that the defendant had failed to raise any genuine issue of material fact essential to Sears’ claim, and that judgment should be rendered in favor of Sears.
In response to the motion for summary judgment, the defendant filed an affidavit to which she attached a “Sears Itemization Report.” The defendant alleged the report indicates that as of May 1997, her balance was $1,035.77, and that the report had “no record of payments or charges before this date.” The defendant asserts in her affidavit that a genuine issue of material fact existed as to the amount she owed Sears, and alleged that the affidavit of Sears was unreliable because “the plaintiff has not maintained the accounting records on my account and because the affi-ant does not have personal knowledge of the amount I owe.”
j ?The minutes of court show that the motion for summary judgment was taken up on May 5, 1999, with attorneys for both sides present. The motion for summary judgment was argued on May 5, 1999 and the trial court granted the motion as prayed for by the plaintiff. There was no transcript of the hearing on the motion for summary judgment in the appellate record. The defendant appeals.
*192 DISCUSSION
The defendant contends the trial court erred in failing to determine that a genuine issue of material fact existed and that the plaintiff was not entitled to judgment as a matter of law. She argues that Sears’ submitted documents are unreliable because Sears has not maintained the accounting records on her account and because the affiant does not have personal knowledge of the amount she owes.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 rd Cir. 3/5/97); 692 So.2d 524. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein.
Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. To satisfy his burden of proof the non-moving party must not rely on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. RLSA-C.C.P. art. 967. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
The provisions of LSA-R.S. 9:2781(A) state in pertinent part:
When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when the judgment on the claim is rendered in favor of the claimant.
“Open account,” as used in the above quoted statutory language, includes any account for which part or all of the balance is past due, whether or not the account reflects one or more transactions, and whether or not the parties expected future transactions at the time of contracting. LSA-R.S. 9:2781(C).
The record reflects that the defendant had a Sears credit card account and that the account qualified as an “open account” under the above referenced statutory provisions. Furthermore, the evidence reveals that Sears made a written demand upon the defendant, which she received, setting forth an amount she allegedly owed. Therefore, the question on appeal is whether or not there is a genuine issue of material fact concerning the correctness of the amount set forth in the demand letter.
Although appellant alleges that neither the pleadings nor the affidavits show the keeping of the record of account in the ordinary course of business, and that no sworn or certified copies of records were attached to the affidavit, these are not requirements for collection on an open account. The requirement that a copy of invoices in support of the amount set forth in a written demand be sent along with the demand was deleted from the provisions of LSA-R.S. 9:2781(A) by a 1987 | ^amendment. Furthermore, the defendant admitted that she had a credit card account with Sears, and the Hirway affidavit established that the Sears representa *193 tive was a legal specialist for Sears who was familiar with Sears’ records pertaining to the defendant’s account on which $1,273.44 was due as of September 8, 1998.
The evidence was sufficient to make a prima facie ease under the provisions of LSA-R.S. 9:2781, even in the absence of the “Supplemental Affidavit of Correctness of Account,” the unsigned credit card account and security agreement, and the “Account Work Screen.” At the same time, the defendant asserts that information in the “Account Work Screen” conflicts with Sears’ assertion that $1,273.44 was past due. While it is true that there is a section of that screen indicating a payment of $31.00, an amount “Now Due” of zero dollars and an amount “Past Due” of zero dollars, there is also reference to a new balance of $1,273.44. Most significantly, the “Account Work Screen” bears a date of August 24, 1998, while the Hirway affidavit asserting $1,273.44 as due on the account is dated September 8, 1998. Even if the “Account Work Screen” were a proper consideration for purposes of summary judgment, despite the fact that it is not specifically referenced in either the Allen or the Hirway affidavit and that its source is unknown, the “Account Work Screen” does not conflict with the Hirway affidavit because the affidavit concerns the amount owed at a later point in time than the “Account Work Screen.” We also note that the amount of the balance shown on the “Account Work Screen” was the same as the amount given in the Hirway affidavit.
The pleadings, the demand letter and the affidavit of Hirway established a prima facie case of Sears’ entitlement to summary judgment against the defendant. Although the defendant submitted an affidavit in opposition, the affidavit did not raise a genuine issue of material fact. The defendant’s affidavit did not set forth Lspecific facts supporting the contention that the amount she owed was incorrect. Instead, the affidavit attacked Sears’ evidence by making conelusory allegations concerning the maintenance of the accounting records and her account, and the personal knowledge of the affiant for Sears concerning the amount owed. Our review of the “Sears Itemization Report,” attached to the defendant’s affidavit, does not reveal information that would raise a genuine issue of material fact concerning the amount owed. Therefore, we find that Sears was entitled to summary judgment on this suit for an open account.
We note that 25% attorney’s fees awarded were reasonable. Regardless of whether the unsigned credit card agreement was properly before the court for the purposes of summary judgment, the provisions of LSA-R.S. 9:2781 specifically make a person who fails to timely pay an open account liable for reasonable attorney’s fees. Nothing more is required as long as the fees are reasonable.
Although we find summary judgment was appropriate, there is one portion of the trial court’s judgment that we must amend. The judgment awards interest from August 26, 1998 on the sum of $1,273.44. However, although the affidavit of Vikki Allen states that on September 16, 1998 Sears indicated the balance due “together with 7.30% interest from August 26, 1998,” we find this assertion insufficient to run interest from August 26,1998. Allen’s affidavit indicates that she is responsible for the file as an employee of the collection attorney, not as a representative of Sears, and her statements concerning what Sears “indicated” on September 16, 1998 are hearsay that would not be admissible at a trial on the merits. Thus, we conclude that interest should run from the date of judicial demand, not from August 26, 1998 as set forth in the judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to run interest from the date of judicial demand, October 20, 1998. As amended, the | judgment *194 is affirmed. Costs of this appeal are assessed to the defendant, Zola Richardson.
AMENDED AND AFFIRMED AS AMENDED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, KOSTELKA, and DREW, JJ.
Rehearing denied.