J^NORRIS, Chief Judge.
Barker Auto Sales Inc. appeals a City Court judgment in favor of Bert McDonald d/b/a Old McDonald Detail & Body Shop (“McDonald”) for $3,429.86 plus court costs, legal interest and attorney fees. The principal represents collision insurance proceeds which Barker Auto Sales received as loss payee. McDonald successfully claimed that he was entitled, rather than Barker Auto Sales, to the proceeds. We reverse and render.

Factual background

Barker Auto Sales sold a 1992 Eagle Talon to Cedric McDonald (“Cedric”), McDonald’s nephew. Barker Auto Sales financed the sale, secured by a chattel mortgage which required the borrower to maintain insurance on the car. The policy, written by U.S. Agencies, named Cedric and Barker Auto Sales as loss payees.
At some point, Cedric wrecked the car. He took it to McDonald, who estimated the repairs would cost $3,929.86. On November 20, 1999 Cedric authorized the repairs, and McDonald performed them. On December 1, U.S. Agencies issued a check for $3,429.86 (McDonald’s estimate less Cedric’s deductible), payable to Cedric and to Barker Auto Sales.
Randy Barker, owner of Barker Auto Sales, testified that Cedric indorsed and delivered the check to him, saying he could “do whatever [he] wanted with it.” Mr. Barker also testified that at the time, Cedric was in arrears on his monthly note, so Mr. Barker credited the sum toward the outstanding balance on the loan.
On December 17, Barker Auto Sales filed an executory process suit ^against Cedric, alleging that the unpaid balance of the note was due because his insurance had been cancelled. The car was seized from McDonald’s shop and sold at sheriff sale. McDonald was never paid for the repairs.
McDonald filed the instant suit in City Court in March 2000, naming Cedric, Barker Auto Sales and U.S. Agencies as defendants; U.S. Agencies was dismissed on motion for summary judgment. Cedric, who filed a pro se answer, did not appear at trial in February 2001.
After trial, the City Court found that when Cedric indorsed the U.S. Agencies check, he “intended” for Barker Auto Sales to forward the funds to McDonald, *1244 but Barker Auto Sales “converted” the proceeds. The court cited La. C.C. art. 2801 and found that the money was “earmarked for the payment of the collision repair costs, not for past due car payments.” The court therefore rendered judgment in favor of McDonald and against Barker Auto Sales for the amount of the check, $3,429.86, with legal interest and attorney fees of “thirty (30) percent.” Barker Auto Sales appeals.

Discussion

By its first assignment of error, Barker Auto Sales urges the City Court was plainly wrong to find that Cedric “intended” for Barker Auto Sales to forward the insurance proceeds to McDonald. This contention is correct. Mr. Barker testified that when Cedric delivered the indorsed check to him, he said Mr. Barker could “do whatever [he] wanted to do with it.” Cedric obviously handed the check to Mr. Barker, who deposited it. Cedric did not appear at trial and there is no evidence to contradict Mr. Barker’s account of the incident. Under the manifest error rule of appellate review, |4the City Court’s finding is plainly wrong. LaBove v. Raftery, 00-1394 (La.11/28/01), 802 So.2d 566. This record will not support the conclusion that Mr. Barker requested the repairs, gave prior approval, or promised to pay for them, or did any action obligating himself to McDonald. Unless there is a quasi-contractual basis of liability, the judgment must be reversed.
By its third and fourth assignments, Barker Auto Sales urges the City Court mistakenly applied the theory of unjust enrichment, particularly C.C. art. 2301. Again, we agree. A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it. La. C.C. art. 2299. This theory obviously has no application here; the record clearly shows that Barker Auto Sales, which received the payment, was due the balance of Cedric’s note, which was accelerated for nonpayment of monthly installments and for failure to maintain insurance. Moreover, even if Barker Auto Sales received a payment that was not due, McDonald is not the person from whom it was received, and cannot obtain relief under this theory. Stated another way, there is no absence of justification or cause for Barker Auto Sales’ enrichment and McDonald’s impoverishment, and certainly no showing that McDonald lacks other legal remedies to collect for its services.[1] Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888; Tandy v. Pecan Shoppe of Minden Inc., 34,578 (La.App. 2 Cir. 4/4/01), 785 So.2d 111.
Article 2301, which regulates obligations subject to a suspensive |Hcondition, is patently inapplicable to this case. There is no evidence that Cedric’s obligation to pay his car note was subject to any suspensive condition. La. C.C. art. 1767; Southern States Masonry Inc. v. J.A. Jones Const. Co., 507 So.2d 198 (La.1987).
By its second assignment, Barker Auto Sales urges the City Court was plainly wrong to find that the insurance proceeds were “earmarked” for auto repairs rather than for payment to the loss payee. Again, we agree. The disposition of proceeds payable in the event of loss under the policy is governed by the loss payee clause. Upon loss, the insurer must direct payment to the loss payee up to the balance of the mortgage debt; as long as the *1245 mortgage debt exists, the loss payee is entitled to interest in the proceeds. Rushing v. Dairylcmd Ins. Co., 456 So.2d 599 (La.1984); Chrysler Credit Corp. v. Louisiana Ins. Guar. Ass’n, 514 So.2d 245 (La.App. 5 Cir.1987). A notation on the check identifying the cause of the payment is not an “earmark” to any unnamed payee and does not show that Barker Auto Sales was unjustly enriched or McDonald unjustly impoverished. There is no basis for quasi-contractual recovery.

Conclusion

For these reasons, the judgment of the City Court is REVERSED and judgment is RENDERED dismissing the plaintiffs claims against Barker Auto Sales. All costs are assessed to the appellee, Bert McDonald d/b/a Old McDonald Detail & Body Shop.
REVERSED AND RENDERED.

. The record does not show that McDonald took any action to enforce the repairman's privilege on automobiles, La. R.S. 9:4501, La. C.C. art. 3217(2), or that he made any genuine effort to collect from the person who actually caused the loss, Cedric. Although McDonald named Cedric as a defendant, he did not cast Cedric in judgment.