GASKINS, J.
 

 hln this suit to recover on a delinquent loan account, the defendant appeals claiming that the account number listed in the suit is incorrect. For the reasons assigned below, we reverse the judgment in favor of the plaintiff and remand the matter for further proceedings.
 

 FACTS
 

 On July 29, 2009, Beneficial Louisiana, Inc., filed suit in Shreveport City Court against Robert Nash, asserting that he was indebted to it in the amount of $13,962.19, together with accrued interest of $3,598 and additional interest of 18 percent from May 21, 2009, as well as attorney fees in the amount of 25 percent of both principal and interest, and all costs. It stated that this outstanding balance was due on Nash’s loan note account, which bore the number #46621000204115; that he defaulted on the loan; and that the balance remained after amicable demand on June 2, 2009. The plaintiff also filed a request for admission of fact as to the outstanding balance, attorney fees, and his application for the loan note at issue.
 

 The defendant filed a general denial in proper person and responded to the request for admissions. He denied having the loan note account described or owing the money.
 

 On September 21, 2009, the plaintiff filed a motion for summary judgment. In support of its motion, the plaintiff submitted an affidavit of correctness of account, a supplemental affidavit of correctness, and an affidavit of lost note. The affidavit of correctness of account describes the loan note account as ending in “204115.” The supplemental affidavit of correctness identified it as “# 46621000204115.” The accompanying | documents include a “personal credit line account agreement” between the plaintiff and the defendant for a credit limit of $14,000 and dated May 16, 2007; the loan number on it is “466210-13-125348.” It provided for a credit limit of $14,000 and an annual percentage rate of 21.000 percent. A revolving loan voucher for loan number “466210-13-125348” showed disbursement of $13,950.00 in cash or check to the borrower and a $50.00
 
 *805
 
 membership fee, or a total of $14,000.00. A document from a delinquency service showed an account number of “4662-1000-2041-15”; the loan date given on this document is May 16, 2007, and the principal is given as $13,962.19. The address given in all of these documents matches the one the defendant gave as his own in his answer.
 

 The matter came before the court on February 3, 2010. The defendant was sworn and testified that he had no knowledge of the debt. Finding that the evidence supported the debt, the court granted judgment as prayed for. Judgment was signed the same day; it specifically refers to the “evidence being in favor of the plaintiff regarding LOAN NOTE bearing # 46621000204115....”
 

 The defendant appealed.
 

 LAW
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits show that there exists no genuine Isissue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966;
 
 Sears, Roebuck and Co. v. Richardson,
 
 32,951 (La. App.2d Cir.4/5/00), 759 So.2d 190. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein.
 
 Sears, Roebuck and Co. v. Richardson, supra.
 

 Once the mover has made a
 
 prima facie
 
 showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. To satisfy his burden of proof the nonmoving party must not rely on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Sears, Roebuck and Co. v. Richardson, supra.
 

 DISCUSSION
 

 The plaintiff failed to make a
 
 prima facie
 
 showing that the defendant owed the debt at issue. Review of the documents submitted by the plaintiff show that a line of credit was issued to a person with the same name and address as the defendant. The number on these documents for this loan transaction is “466210-13-125348.” However, the loan number given in the plaintiffs affidavits of correctness is either “#46621000204115” or “ending |4in 204115.” While the loan date in all of the documents is the same and the amount owed is within the parameters of the amount originally loaned, we cannot automatically assume that all of these documents involve the same transaction. The judgment refers only to the “LOAN NOTE bearing # 46621000204115.” In its appellate brief, the plaintiff attempts to explain the discrepancy in the account numbers by stating that a new number (4662-1000-2041-15) was given to the loan account (466210-13-125348) when it was charged off. However, we find no evidence in the record that establishes this assertion.
 

 Upon this record, summary judgment is inappropriate. We reverse the city court
 
 *806
 
 judgment in favor of the plaintiff and remand the matter for further proceedings.
 

 CONCLUSION
 

 The judgment of the city court is reversed and the matter is remanded to the lower court for further proceedings. Costs of this appeal are assessed to the plaintiff, Beneficial Louisiana, Inc.
 

 REVERSED AND REMANDED.