PEATROSS, J.
11 Plaintiff, MJH Operations, Inc., d/b/a Mike’s Automotive (“Mike’s”), brought suit in Shreveport City Court against Defendant, Alexis LaJune Manning (“Ms. Manning”), to sequester and be recognized as the owner of a 1999 Lexus GS300 vehicle under a rental/purchase agreement between the parties. Intervenor/appellant, H & M Paint and Body, Inc. (“H & M”), *298 intervened in the suit seeking to recover costs incurred for parts and labor to repair the vehicle after it had been wrecked in January 2010. Mike’s then filed a motion for summary judgment seeking to have the claims of H & M against Mike’s dismissed. Reserving H & M’s claims against Ms. Manning, the trial judge granted summary judgment, thereby dismissing H <& M’s claims against Mike’s. H & M appeals from this summary judgment. For the reasons stated herein, we affirm.

FACTS

On October 1, 2009, Mike’s and Ms. Manning entered into a rental/purchase agreement pertaining to a 1999 Lexus GS300 vehicle. In January 2010, Ms. Manning was involved in a wreck and took the vehicle to H & M to have the damage repaired. There is no dispute that Ms. Manning presented a copy of the rental/purchase agreement to H & M before H & M began repairs on the vehicle.
The rental/purchase agreement between Mike’s and Ms. Manning states that, if Ms. Manning made all of the rental payments owed under the 32-month term of the agreement, she would be permitted to exercise an option to purchase the vehicle after the expiration of the term by paying the title, transfer and licensing fees required to do so. The rental/purchase | ¡.agreement also provided that Mike’s had the option to terminate the agreement if Ms. Manning failed to make monthly payments during the rental term. The agreement further stipulated that Ms. Manning would be required to keep the vehicle free of any liens or encumbrances.
With regard to repairs, the rental/purchase agreement contains a “Maintenance” clause, which states in part:
The Renter at Renter’s sole expense must perform any and all maintenance or repairs to the rented Property. The Dealer cannot add repair costs to the rental purchase agreement. The Owner will not be responsible for any costs of repairs performed by Renter or at its request even though Owner retains title to the Property. (Emphasis added.)
After being presented with a copy of the rental/purchase agreement, H & M repaired the vehicle and issued to Ms. Manning an invoice for repairs, parts and labor in the amount of $3,892.36.
When she received the invoice, Ms. Manning told H & M that she did not have the money to pay for the repairs. Ms. Manning then stopped making monthly rental payments on the vehicle to Mike’s under the rental/purchase agreement. H & M retained physical possession of the vehicle for several weeks and added a storage fee in the amount of $224.00 to the original invoice for repairs, parts and labor.
After learning that Ms. Manning could not pay for the repairs, H & M began the process of acquiring a Permit to Sell the vehicle by filing an official report of storage of the vehicle with the Department of Motor Vehicles (“DMV”) of the State of Louisiana. On receiving information from the DMV that Mike’s was the owner of the vehicle, H & M issued to Mike’s a notice of intent to acquire ownership of the vehicle. Mike’s ^contacted H & M and was informed of the invoice for repairs, parts, labor and storage which had not been paid by Ms. Manning. Mike’s paid the storage fee of $224.00 to H & M and then filed suit against Ms. Manning to sequester and be recognized as the owner of the vehicle under the rental/purchase agreement, which ultimately led to the seizure of the vehicle.
On May 4, 2010, H & M filed a petition for intervention in the suit between Mike’s *299 and Ms. Manning seeking to recover its costs incurred to repair the vehicle. Mike’s filed a motion for summary judgment requesting that H & M’s claims against Mike’s be dismissed. Ms. Manning has not answered or otherwise made an appearance in any part of the suit. On May 19, 2010, the trial judge issued a ruling recognizing Mike’s as the owner of the vehicle and entitling Mike’s to possession in rent of the vehicle until the hearing on the motion for summary judgment could be held. H & M did not appeal that judgment.
The summary judgment hearing was held two months later on July 14, 2010; and, as previously stated, the trial judge granted summary judgment in favor of Mike’s, dismissing H & M’s claims against Mike’s, but reserving H & M’s claims against Ms. Manning. In her oral reasons for judgment, the trial judge stated that H & M did not have a claim against Mike’s for the cost of the repairs to the vehicle because H & M was never authorized by Mike’s to make the repairs at Mike’s expense. Further, since Ms. Manning requested that H & M repair the vehicle and the rental/purchase agreement specified that Ms. Manning was responsible for payment of those [ ¿repairs, H & M’s proper right of action was against Ms. Manning.
This appeal ensued.

DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Roach Plumbing & Heating, Inc. v. Fairfield Towers, L.L.C., 44,551 (La.App.2d Cir.8/19/09), 17 So.3d 493; NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sears, Roebuck and Co. v. Richardson, 32,951 (La.App.2d Cir.4/5/00), 759 So.2d 190.
Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606. To satisfy his burden of proof, the nonmov-ing party must not rely on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Hardy, supra. Once the motion for | ^summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Sears, Roebuck and Co., supra.
In its first assignment of error, H & M asserts that the trial judge erred in granting summary judgment in favor of Mike’s because there was a genuine issue of material fact in dispute as to whether or not Ms. Manning was authorized to act on behalf of Mike’s under the rental/purchase agreement. H & M urges that Ms. Manning was acting as an agent on behalf of Mike’s when she brought the vehicle to H & M to be repaired. We disagree.
It is undisputed that Mike’s, not Ms. Manning, is the owner of the vehicle. The *300 first judgment rendered by the trial court in this case on May 19, 2010, recognized Mike’s as the owner of the vehicle and H & M did not appeal that judgment. Further, H & M does not dispute that it received a copy of the rental/purchase agreement from Ms. Manning prior to repairing the vehicle, which provides that Mike’s is the owner of and retains title to the vehicle during the entire term of the rental/purchase agreement.
As previously stated, the rental/purchase agreement contains a “Maintenance” clause which states that “[t]he Renter at Renter’s sole expense must perform any and all maintenance or repairs to the rented Property ... The Owner will not be responsible for any costs of repairs performed by Renter or at its request even though Owner retains title to the Property.”
It is clear from the language in the rental/purchase agreement that | there was no agency relationship between Mike’s and Ms. Manning wherein Ms. Manning was authorized to act on Mike’s behalf. H & M admitted to receiving a copy of the rental/purchase agreement from Ms. Manning prior to repairing the vehicle and was aware that Ms. Manning, not Mike’s, would be responsible for the costs of the repairs to the vehicle. In addition, it is clear from the record, specifically the affidavit submitted by Michael J. Hickey, the manager of Mike’s, that Mike’s did not request that H & M make the repairs, promise to pay H & M for the repairs, authorize Ms. Manning to have the repairs made at Mike’s expense or do any other action otherwise obligating Mike’s to H & M. McDonald v. Barker Auto Sales, Inc., 35,685 (La.App.2d Cir.2/27/02), 810 So.2d 1242. The trial judge applied the language of the rental/purchase agreement as written in the context of the entire record and did not err in her finding that Ms. Manning was never authorized to act as an agent on behalf of Mike’s.
H & M’s first assignment of error is without merit.
In its second assignment of error, H & M argues that the trial judge erred in failing to apply the law of negotionem gestio. La. C.C. arts. 2292-2297. H & M contends that a “quasi-contract” was formed between Mike’s and H & M when H & M repaired the vehicle at Ms. Manning’s request to the ultimate benefit of Mike’s. H & M further avers that Mike’s was unjustly enriched when H & M repaired the vehicle and Mike’s received, accepted and retained the benefit without paying H & M for the cost of the repairs. La. C.C. art. 2298; Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3d Cir.1974). We disagree.
|7La. C.C. art. 2292 defines negotiorum gestio, i.e., management of affairs, as “when a person, the manager, acts without authority to protect the interests of another, the owner, in the reasonable belief that the owner would approve of the action if made aware of the circumstances.”
When Ms. Manning took the vehicle to H & M to have it repaired, she was doing so for her own benefit, not for the benefit of Mike’s. Having damage to the vehicle repaired was one of Ms. Manning’s responsibilities under the rental/purchase agreement. Had Ms. Manning returned the vehicle to Mike’s in a wrecked condition, she would have had to pay Mike’s for the repairs it would have incurred to restore the vehicle to its original condition.
Additionally, Ms. Manning was aware that she was solely responsible under the “Maintenance” clause of the rental/purchase agreement for the payment of any maintenance and repair work done to the vehicle. Thus, it would have been unreasonable for Ms. Manning (or H & M) to *301 believe that Mike’s would approve her decision to authorize repairs to be made to the vehicle at Mike’s expense and not her own.
There is also no merit to H & M’s argument that a “quasi-contract” was formed between Mike’s and H & M. When Ms. Manning brought the vehicle in to be repaired, H & M provided an estimate to repair the vehicle to Ms. Manning and repaired the vehicle at Ms. Manning’s request in exchange for Ms. Manning’s agreement to pay for the repairs once they were completed. H & M expected payment from Ms. Manning in accordance with that agreement, which is why H & M issued an invoice to Ms. Manning. | sThe fact that Ms. Manning did not uphold her end of the agreement to pay for the repairs completed by H & M does not give rise to a “quasi-contract” between Mike’s and H & M. Accordingly, we find that the trial judge did not err in failing to apply the law of negotiorum gestio in this case.
Further, we are not persuaded by H & M’s argument that Mike’s was unjustly enriched by the repairs made to the vehicle.
La. C.C. art. 2298 provides in relevant part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The remedy of unjust enrichment is subsidiary in nature and “shall not be available if the law provides another remedy.” Walters v. MedSouth Record Management, L.L.C., 10-0351 (La.6/4/10), 38 So.3d 245; Carriere v. Bank of Louisiana, 95-3058 (La.12/13/96), 702 So.2d 648. The unjust enrichment remedy is “only applicable to fill a gap in the law where no express remedy is provided.” Walters, supra; Mouton v. State, 525 So.2d 1136 (La.App. 1st Cir.1988), writ denied, 526 So.2d 1112 (La.1988).
After Ms. Manning failed to make the rental payments under the rental/purchase agreement, Mike’s terminated the agreement and seized possession of the vehicle as it was entitled to do under the agreement. McDonald, supra. While H & M may have been impoverished for 1 nonpayment of the repairs, any impoverishment was caused by Ms. Manning, not Mike’s. McDonald, supra. The record does not show that H & M made any genuine effort to collect from the person who actually caused the loss: Ms. Manning. Walters, supra; Carriere, supra; McDonald, supra; Mouton v. State. Further, H & M failed to enforce any other statutory remedies available to it, such as the repairman’s privilege on automobiles. La. R.S. 9:4501.
Accordingly, H & M’s second assignment of error is also without merit.

CONCLUSION

The judgment of the city court granting summary judgment in favor of MJH Operations, Inc., d/b/a Mike’s Automotive, is affirmed. Costs of this appeal are assessed to Intervenor/Appellant, H & M Paint and Body, Inc.
AFFIRMED.