JUDE G. GRAVOIS, Judge.
 

 1 ?The plaintiff, Naykea Bell,
 
 [1]
 
 has appealed the trial court’s grant of summary judgment in favor of the defendant, Louisiana Medical Mutual Insurance Company. For the reasons that follow, we affirm.
 

 FACTS
 

 Dr. Samuel Parry performed breast augmentation surgery on the plaintiff on September 27, 2003 and January 13, 2005. On January 11, 2007, plaintiff filed a petition for damages alleging that in June 2005 she discovered that Dr. Parry made errors in these surgeries, requiring her to undergo corrective surgery by another physician. Plaintiff alleged that she had filed a complaint with the Patient’s Compensation Fund and a panel of doctors rendered a decision that Dr. Parry failed to properly care for plaintiff and was negligent in his acts. Plaintiff alleged that the defendant Louisiana Medical Mutual Insurance Company (“LAMMICO”) provided liability insurance to Dr. Parry and was liable
 
 in solido
 
 with Dr. Parry.
 

 LOn April 3, 2008, LAMMICO filed a Motion for Summary Judgment arguing that there was no coverage to Dr. Parry at the time plaintiffs claim was made. LAM-
 
 *2
 
 MICO based this argument on the fact that when the policy was renewed for the January 1, 2005 — January 1, 2006 policy period, LAMMICO specifically excluded coverage for Dr. Parry for breast augmentation surgery. In a judgment dated February 12, 2009, the trial court granted partial summary judgment finding that LAMMICO provided no coverage to Dr. Parry for the January 13, 2005 surgery and dismissed all claims against LAMMI-CO related to the 2005 surgery. The trial court further found that LAMMICO did provide coverage to Dr. Pairy for the 2003 surgery.
 

 LAMMICO sought supervisory review by this Court of the trial court’s February 12, 2009 judgment. Noting that LAMMI-CO did not submit the 2003 policy to the trial court in support of its motion for summary judgment, this Court found no error in the trial court’s denial of LAMMICO’s motion for summary judgment regarding the 2003 surgery.
 
 Bell v. Parry,
 
 09-207, 3/13/09 (unpublished writ disposition).
 

 On September 22, 2009, LAMMICO filed a second Motion for Summary Judgment asserting that there was no coverage for the 2003 surgery because all of the policies were “claims-made” policies. LAMMICO explained that when plaintiffs claim was filed with the Patient’s Compensation Fund in December 2005, LAMMICO had excluded coverage for breast augmentation surgery. LAMMICO attached the 2003, 2004 and 2005 policies to its motion. Plaintiff opposed the motion asserting that the exclusion on breast augmentation was for surgeries performed from January 1, 2005 forward and that prior surgeries were not excluded.
 

 LThe trial court granted LAMMICO’s second motion for summary judgment, finding that all policies were claims-made policies and there was no coverage for the 2003 surgery because the 2005 policy excluded breast augmentation. On November 24, 2009, the trial court rendered judgment granting LAMMICO’s Motion for Summary Judgment and dismissing all claims against LAMMICO with prejudice. Plaintiff has appealed this ruling.
 

 LAW AND DISCUSSION
 

 A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact.
 
 Craig v. Bantek West, Inc.,
 
 04-0229 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241. The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof is on the mover to show that he is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(2).
 

 In its Motion for Summary Judgment, LAMMICO argued that because plaintiff did not make a claim for damages resulting from Dr. Parry’s alleged negligent performance of breast surgery during the 2003 or 2004 policy periods, any damages resulting from the 2003 surgery were not covered by those policies. LAMMICO further argued that there was no coverage for the 2003 surgery under the 2005 policy because claims for breast surgery were excluded from the 2005 policy. LAMMI-CO explained that it issued claims-made medical malpractice | .^policies to Dr. Parry under policy number 1-80848. Item 2 on the Declarations Insert of each policy sets forth the covered policy periods, specifically:
 

 
 *3
 
 Policy Period 1/1/03 — 1/1/04, the 2003 policy,
 

 Policy Period 1/1/04 — 1/1/05, the 2004 policy, and
 

 Policy Period 1/1/05 — 1/1/06, the 2005 policy.
 

 According to the language of each policy, no claim arises against LAMMICO until it receives notice of the claim. Section 1(A), page 1, of the Policy Provisions of each policy specifically states:
 

 NOTICE — This is a
 
 “claims made
 
 ” policy. Except to the extent as may be provided herein, this coverage is limited to claims first made and reported to the Company while the policy is in force and arising from the performance of professional services subsequent to the retroactive date stated in the declarations ....
 

 I. Coverage Agreements
 

 The company will pay on behalf of the insured:
 

 A — Individual Professional Liability
 

 All sums which the insured shall become legally obligated to pay as damages because of injury ... which occurs subsequent to the retroactive date, and for which claim is first made against the insured and reported to the Company during the policy period.
 

 (emphasis in original)
 

 LAMMICO argues that the plain language of each policy requires that (1) the medical incident must occur subsequent to the policy’s retroactive date; and (2) the claim must be made and reported during the policy period. Noting that the retroactive date for each policy is October 6,1997, LAMMICO argues that each policy provides coverage only if the medical incident occurs subsequent to October 6, 1997 and the claim is made and reported during each policy’s policy period.
 

 Plaintiffs memorandum in opposition to LAMMICO’s motion for summary judgment is not included in the appellate record. However, a reading of the record makes it clear that plaintiff did file an opposition because the record contains a reply memo to plaintiffs opposition filed by LAMMICO. The omission of | fiplaintiffs opposition memorandum from the appellate record does not prohibit this court from conducting a
 
 de novo
 
 review of the trial court’s ruling in this instance because this matter involves only the interpretation of insurance policies which were properly admitted into the record in the trial court. In determining whether summary judgment is appropriate, appellate court reviews evidence
 
 de novo.
 
 Under this standard, appellate court looks at pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, in making independent determination that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law.
 
 Marigny v. Allstate Ins. Co.,
 
 95-0952 (La.App. 4 Cir. 1/31/96), 667 So.2d 1229,
 
 writ denied,,
 
 96-0693 (La.4/26/96), 672 So.2d 910.
 

 At the hearing on the motion, plaintiff argued that the 2005 policy did not cover breast augmentation surgery performed from January 1, 2005 forward. Plaintiff reasoned that because the policies issued to Dr. Parry never terminated, they simply renewed, there was coverage under the 2005 policy for the 2003 surgery. Plaintiff suggests that because prior surgeries were not excluded when the 2005 policy was renewed they were covered under the policy-
 

 Although we are sympathetic to plaintiffs plight, we are constrained by our Supreme Court’s analysis of claims-made policies to reject plaintiffs argument. In
 
 Anderson v. Ichinose,
 
 98-2157 (La.9/8/99),
 
 *4
 
 760 So.2d 302, our Supreme Court explained:
 

 With the development of a more complex society, it became more reasonable, particularly with respect to the activities of professionals, to insure against the making of claims, rather than the happening of occurrences, and “claims made” insurance developed to meet a need for professionals to insure against the making of a claim as the insured event, rather than having to struggle with traditional concepts and difficulties inherent in determining whether the “event” insured against was the commission of an act, error or omission or the date of discovery thereof or the date of injury caused thereby. The [7major distinction between the “occurrence” policy and the “claims made” policy constitutes the difference between the peril insured. In the “occurrence” policy, the peril insured is the “occurrence” itself. Once the “occurrence” takes place, coverage attaches even though the claim may not be made for some time thereafter. While in the “claims made” policy, it is the making of the claim which is the event and peril being insured and, subject to policy language, regardless of when the occurrence took place.
 

 Id.
 
 at pp. 5-6, 760 So.2d at 305 (quoting Sol Kroll, The Professional Liability Policy “Claims Made”, 13 Forum 842, 843 (1978)).
 

 Using this language, the Supreme Court recently made it clear in
 
 Hood v. Cotter,
 
 08-0215, (La.12/2/08), 5 So.3d 819, that there is no coverage for any claim not made and reported before the expiration of a claims-made policy, even if the claim arose before the policy expired. In
 
 Hood,
 
 the Court explained that the provision in the claims-made policy limiting coverage to those claims made and reported during the policy period provides the scope of coverage bargained for by defendant and does not limit plaintiffs right to bring suit against the insurer. The Court held that while the claims-made policy denies coverage to defendant for plaintiffs claim, it does not itself limit plaintiffs right of action.
 
 Id.
 
 The Court clarified this reasoning stating: “To hold otherwise would effectively convert a claims-made policy into an occurrence policy and change the bargained-for exchange between the insurer and the insured.”
 
 Id.
 
 at 830.
 

 Using the rational set forth in
 
 Anderson
 
 and
 
 Hood,
 
 we find that the 2003 policy does not cover the 2003 surgery because the claim was not made and reported in 2003. The 2003 policy contains a retroactive date of October 6, 1997 and a policy period of January 1, 2003 — January 1, 2004. Plaintiff alleges that her damages were caused by Dr. Parry’s negligence in the 2003 surgery. While this incident occurred during the 2003 policy period, pursuant to the policy language, the 2003 policy provides coverage only if the claim is made and reported within its policy period. The plaintiff filed her complaint with the Patient’s Compensation pfund on August 26, 2005. Thus because plaintiffs claim was not made during the policy period of the 2003 policy, there is no coverage under that policy for the 2003 surgery. Likewise, there is no coverage for the 2003 surgery under the 2004 policy because the claim was not made during the policy period of that policy, i.e., January 1, 2004— January 1, 2005.
 

 The 2005 policy contains a retroactive date of October 6, 1997 and a policy period of January 1, 2005 — January 1, 2006. However, the 2005 policy by endorsement specifically excluded coverage for breast augmentation surgery with the following language:
 

 This endorsement forms a part of Policy No.
 
 1-8084-8
 
 issued by the Louisiana
 
 *5
 
 Medical Mutual Insurance Company and take effect as of the effective date of said policy unless another effective date is stated herein.
 

 This endorsement applies to: Samuel W. Parry, M.D.
 

 It is understood and agreed that coverage for the following procedures is specifically excluded hereunder:
 

 Breast Augmentation Surgery
 

 Breast Reduction Surgery
 

 Cosmetic Surgery
 

 Nothing herein contained shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of this policy, other than as herein stated.
 

 Thus, although plaintiffs claim was made during the policy period of the 2005 policy, there is no coverage under this policy because the surgery which plaintiff alleges caused her damages, i.e., the 2003 breast augmentation surgery, is specifically excluded from coverage under this policy. Because the 2005 policy is a claims-made policy, LAMMICO did not have to include language to specifically exclude breast surgeries performed prior to January 1, 2005 from coverage. |flClaims related to breast augmentation surgeries performed prior to January 1, 2005 are excluded by the very nature of the policy.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court granting LAMMICO’s motion for summary judgment and dismissing plaintiffs claims against LAMMI-CO is affirmed.
 

 AFFIRMED
 

 [1]
 

 . Plaintiff’s first name is sometimes also spelled
 
 Nakeya
 
 in various places in the record.