JUDE G. GRAVOIS, Judge.
12Plaintiff, Dean Stipp, has appealed a trial court judgment granting defendant’s motion for summary judgment in this motor vehicle insurance policy coverage suit. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

In March 2008, plaintiff purchased a new Mercedes Benz SL550 roadster from Benson Motor Company (“Benson”) for approximately $91,000. This vehicle was covered under an insurance policy issued by Metropolitan Property and Casualty Insurance Company (“Metropolitan”). On November 9, 2008, plaintiff was involved in a collision in which the vehicle was damaged. The vehicle was taken to Benson for repairs, where it remained until August 2009, when plaintiff picked it up after being told that it was repaired.
On November 6, 2009, plaintiff filed suit against Metropolitan and Benson,[1] alleging that the vehicle had not been fully repaired. Plaintiff alleged that Metropolitan’s policy provided coverage for the actual cash replacement value of Rthe vehicle and that Metropolitan had breached the insurance contract by failing to pay the actual cash replacement value of the vehicle. Plaintiff also alleged that Metropolitan had breached its duty of good faith to plaintiff under Louisiana Civil Code articles 1759[2], 1983[3], 1996[4], and 1997[5] by *457 failing to pay the covered losses under the policy.
On May 18, 2011, Metropolitan filed a motion for summary judgment, contending that neither of plaintiffs claims against Metropolitan had any factual support. In its motion, Metropolitan admitted that the policy issued to plaintiff covered the payment of losses to an insured’s covered vehicle caused by a collision, and stated that there is no dispute as to the terms of the policy. Metropolitan stated that upon receiving estimates for repairs, payments were promptly made. Metropolitan contended that the policy does not require that it pay the cost of replacing the vehicle; rather, the policy gave Metropolitan the option of either paying the cost to repair the vehicle or the cost to replace the vehicle. In support of this position, Metropolitan pointed to the following pertinent language contained in the policy, to-wit:
“ACTUAL CASH VALUE” means the amount that it would cost to repair or replace damaged property, less allowance for physical deterioration and depreciation.
* * *
MAXIMUM AMOUNT WE WILL PAY
Our payments will not exceed the lesser of:
1. the actual cash value of the property at the time of the loss; or
|42. the cost to repair or replace the property with other like kind and quality.
If the loss is only to a part of the property, our responsibility extends to that part only.
(Emphasis in original.)
Metropolitan argued that the policy did not require Metropolitan to declare plaintiffs vehicle a total loss. It concluded that plaintiff cannot show that Metropolitan breached a specific policy provision. In support of this argument, Metropolitan pointed to plaintiffs deposition testimony wherein he admitted that he was not aware of anything that Metropolitan did in violation of the insurance contract, and that he had no reason to believe that any of the bills for repairs to the vehicle that had been submitted to Metropolitan had not been paid.
With regards to plaintiffs bad faith claim, Metropolitan noted that plaintiff did not allege any violations of La. R.S. 22:1220, which imposes upon Metropolitan “a duty of good faith and fair dealing.” Rather, plaintiff referred to the above-noted Louisiana Civil Code articles dealing with general duties of good faith. Metropolitan admitted that it has a duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured pursuant to La. R.S. 22:1220. Metropolitan contended that plaintiffs claims should be dismissed because plaintiff does not allege an act prohibited by that statute. Instead plaintiff claimed that Metropolitan failed to pay the “actual cash value” for the vehicle, which is not recoverable under the statute. Metropolitan further pointed to plaintiffs deposition testimony wherein plaintiff stated that he admitted that he had no evidence of arbitrary and capricious behavior by Metropolitan.
In opposition to Metropolitan’s motion, plaintiff essentially reiterated the allegations contained in his petition. He argued that the policy defined total loss as a loss in which the cost to replace or repair the vehicle to its “pre-loss” condition Rplus the salvage value equals or exceeds the actual cash value of the vehicle. Plaintiff contended that despite this provision, the vehicle has not been repaired to its pre-loss condition, nor has Metropolitan paid for the vehicle to be repaired to its pre-loss condition, nor has plaintiff received the actual *458 cash value of the vehicle at the time of the loss. In support of this position, plaintiff points to his answers to interrogatories in which he “notified” Metropolitan and expressed his belief that the vehicle had further hidden damage and should be declared a total loss. Plaintiff concluded that whether the vehicle will ever be returned to its pre-loss condition or whether it should be declared a total loss, and whether Metropolitan violated its policy provisions by failing to pay plaintiff the actual cash value of the vehicle at the time of the loss, are all genuine issues of material fact precluding summary judgment.
With regards to his claim for bad faith, plaintiff averred that he communicated his concerns to Metropolitan regarding the safety of the vehicle, his belief that the damage to the vehicle was beyond repair, and that the vehicle should be considered a total loss. Metropolitan failed to pay him the actual cash value of the vehicle at the time of the loss. He contended, therefore, that whether Metropolitan acted in bad faith is an issue of material fact, thereby precluding summary judgment.
In its reply to plaintiffs opposition, Metropolitan contended that plaintiff simply reiterated his pleadings, which was insufficient to meet his burden on summary judgment. Metropolitan explained that plaintiff failed to come forward with any evidence that the vehicle is a total loss and acknowledged in his deposition that no one ever told him that the vehicle could not be repaired or was a total loss. Metropolitan further argued that even if the vehicle were a total loss, the policy affords it the option of repairing the vehicle, which it has done, rather than [¿paying the actual cash value thereof. Metropolitan further argued that plaintiffs admission that he did not allege any statutory bad faith claims is sufficient to grant summary judgment on the bad faith claims.
On November 15, 2011, the trial court rendered judgment granting Metropolitan’s motion for summary judgment.[6] The trial court further found that there was no just reason for delay and the judgment was declared final and appealable pursuant to La. C.C.P. art. 1915(B)(1).[7] This timely appeal followed.

LAW AND ANALYSIS

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Bell v. Parry, 10-369 (La.App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. *459 La. C.C.P. art. 966(B)(2).[8] The burden of proof is on the mover to show that he is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(2). When the mover will not bear the burden of 17proof at trial on the issue that is before the court on the motion for summary judgment, the mover need only show that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Subsequently, if the adverse party fails to come forth with factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. Id.
In determining whether summary judgment is appropriate, the appellate court reviews evidence de novo. Under this standard, the appellate court looks at pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, in making an independent determination that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. Bell v. Parry, supra.
In support of its argument that it was entitled to summary judgment, Metropolitan submitted the insurance policy, portions of plaintiffs deposition, and plaintiffs answers to interrogatories. The language cited by Metropolitan in the insurance policy (quoted supra) gives Metropolitan the option of repairing the vehicle or paying the insured the value of the vehicle. In his deposition, plaintiff testified that he was never told that Metropolitan would not pay for repairs and he did not know of any repair bills that were not paid by Metropolitan. Plaintiff testified that he did not have any reason to believe that Metropolitan failed to pay the bills in a timely manner. Plaintiff further testified that he was not aware that Metropolitan had done anything intentionally wrong in handling his claim. Plaintiff also testified that no one had told him that the vehicle was a total loss, and as far as he knew, no one had told Metropolitan that the vehicle was a total loss. Additionally, Metropolitan submitted an affidavit from an employee attesting that a |8total of $33,979.15 had been paid to date to repair plaintiffs vehicle, and that these payments represented all repair estimates submitted to Metropolitan.
In his opposition to Metropolitan’s motion for summary judgment, plaintiff restated the allegations in his petition verbatim. He argued that despite the policy provision stating that Metropolitan will pay the full cost of repair or of replacement of the vehicle and that total loss is defined as “a loss in which the cost to replace or repair the vehicle to its ‘pre-loss’ condition plus the salvage value equals or exceeds the ‘actual cash value’,” he had not been paid for the value of the vehicle. He attached his answers to interrogatories stating that he spoke with his Metropolitan insurance agent and expressed his concern over the safety of the vehicle, and told him that the vehicle *460 should be declared a total loss as a result of the damage to the vehicle. Plaintiff attached estimates of the damage prepared by an adjuster working on behalf of Metropolitan which initially estimated the cost to repair the vehicle to be $27,760.62, noting that there were “possible hidden damages.” Plaintiff attached an additional estimate showing additional cost to repair the vehicle was $8,927.38.
On appeal, plaintiff argues that the trial court erred in granting summary judgment in favor of Metropolitan. Upon our de novo review, we disagree. Clearly, plaintiff presented no factual evidence to support his contention that the vehicle was: (1) a total loss; or (2) had not or could not be repaired to its pre-loss condition; or (8) that Metropolitan had failed to pay invoices for any repairs. In the absence of factual support to show that the vehicle was a total loss or had not or could not be repaired to its pre-loss condition or that Metropolitan had failed to pay the cost of repair, plaintiff has not shown that he will be able to carry his evidentiary burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to [¡¡produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 40. Thus, Metropolitan was entitled to summary judgment as a matter of law. This finding pretermits a discussion of plaintiffs bad faith claim.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. This appeal only involves plaintiff's claims against Metropolitan.

. La. C.C. art 1579 provides: "Good faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation."

. La. C.C. art 1983 provides: "Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith.”

. La. C.C. art 1996 provides: "An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made.”

. La. C.C. art 1997 provides: "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform."

. According to plaintiff’s brief, Metropolitan's motion for summary judgment was argued on June 23, 2011, and the trial court deferred ruling on the merits of Metropolitan’s motion until it heard the arguments on Benson's motion for summary judgment. The transcript of the argument on Metropolitan's motion for summary judgment was not included in the appellate record.

. La. C.C.P. art. 1915(B)(1) provides: "When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.”

. La. C.C.P. art. 966 was amended effective August 1, 2013 to remove the requirement of formal introduction of evidence at the hearing on the motion for summary judgment. The article now states, in subparagraph (F)(2), in pertinent part, that "[ejvidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph.” Subparagraph F(3) of this article states that “Mbjections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.” This amendment to Article 966 is procedural and therefore applies retroactively. La. C.C. art. 6.