STACI SANZONE AND RANDY SANZONE

VERSUS

CITY OF NEW ORLEANS, BY AND THROUGH
THE NEW ORLEANS AVIATION BOARD, AND
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

NO. 24-C-413

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

September 17, 2024

Linda Wiseman
First Deputy Clerk

IN RE CITY OF NEW ORLEANS, BY AND THROUGH THE NEW ORLEANS AVIATION BOARD, AND
ACE PROPERTY AND CASUALTY INSURANCE COMPANY

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER,
JR., DIVISION "P", NUMBER 828-251

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT GRANTED IN PART; DENIED IN PART**

In this writ application, the relators/defendants seek a review of the trial
court's rulings, which denied their motion for summary judgment and found
admissible specific exhibits offered by the plaintiffs in opposition to the motion for
summary judgment. For the following reasons, we grant the writ, in part, on the
issue of the plaintiffs' exhibit showing post-accident remedial measures by the
defendants. In all other respects, we deny relief.

The significant underlying facts in this civil matter are largely undisputed.
On the evening of May 14, 2021, the plaintiff, Staci Sanzone, tripped and fell on an
uneven section of the parking lot walkway at the New Orleans Louis Armstrong
International Airport ("the Airport"), owned by the City of New Orleans, operated
by the New Orleans Aviation Board and insured by Ace Property and Casualty
Insurance Company ("the defendants.") The Airport admits that it had notice of the
uneven condition of the walkway before the incident and had previously placed a
single orange traffic cone on the section of pavement that immediately preceded
the drop-in surface continuity. In their motion for summary judgment, the
defendants contended that the plaintiffs could not prove that the differing height
levels in the sidewalk presented an unreasonable risk of harm and also could not
prove that the defendants failed to fulfill their duty to warn by placing an orange
cone by the change in sidewalk height.

We first address the evidentiary issues raised in the application. The defendants contend the trial court erred by denying the motion to strike the plaintiffs' expert report as untimely produced.[1] However, as accurately observed by the trial judge, the matter had no trial setting nor cut-off dates for discovery between the parties. "[T]he trial court has broad discretion when regulating pre-trial discovery, which will not be disturbed on appeal [in absence of] a clear showing of abuse." *Trichell v. McClure*, 21-1240 (La. App. 1 Cir. 4/8/22), 341 So.3d 856, 862. On the showing made, we do not find that the defendants have shown an abuse of the trial court's discretion in allowing the plaintiffs to include their expert's report in opposition to the motion for summary judgment.

Next, the defendants argue that the trial court erred in considering as evidence a plaintiff's exhibit identified as "Photograph 5," which is bates stamped "Sanzone 00014," that purports to show the site of Mrs. Sanzone's accident after the airport had made it level. The defendants contend that the photograph is not authenticated correctly and is impermissible as evidence of subsequent measures. La. C.E. art. 407 states:

> In a civil case, when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This Article does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility.

Here, the photograph at issue correlates to the statement in the plaintiff's affidavit, "The photograph contained in bated [sic] stamped Sanzone 00014 is a true and accurate representation of the scene of the subject fall in July 2022 after the sidewalk was corrected and fixed." Without an explanation of the purpose of the photo, this would appear to be the type of evidence inadmissible under La. C.E. art. 407. Accordingly, we grant the writ to the extent that the trial court found the picture admissible in the context of the plaintiffs' opposition to the motion for summary judgment, insofar as the evidence of the subsequent remedial measure was presented to prove negligence or culpable conduct.

We now consider the denial of the defendants' motion for summary judgment itself. A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine issue of material fact. *Bell v. Parry*, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure secures every action's just, speedy, and inexpensive determination. La. C.C.P. art. 966(A)(2). The motion "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). In this case, the defendants argue that the plaintiffs cannot prove two elements of negligence: that the differing height levels in the sidewalk presented an unreasonable risk of harm and that the defendants did not fulfill their duty to warn by placing an orange cone by the change in sidewalk height.

---

[1] The defendants do not assert that the plaintiffs' opposition itself was untimely filed under La. C.C.P. art 966(B)(2).

2

While there are several photographs of the uneven pavement where Mrs. Sanzone fell and approximations of the height differences in the sections,[2] there is nothing in the record to demonstrate that the plaintiffs or the defendants took precise objective measurements. This information is vital, as courts use the difference in elevation as a factor to determine whether a risk is unreasonable. The absence of a concrete measurement could undoubtedly qualify as a genuine issue of material fact. However, repairing the sidewalk by the airport makes an actual measurement impossible. Even accepting the airport's measurements as accurate, elevations of over 3 inches have been deemed unreasonable risks. *See, Butkiewicz v. Evans*, 06-236 (La. App. 5 Cir. 9/26/06), 943 So.2d 509, 514. We, therefore, find this to be a material issue of fact that precludes summary judgment.

While it is undisputed that the Airport placed an orange traffic cone on the sidewalk to draw attention to the drop in elevation, an issue of material fact remains whether this, alone, provided sufficient notice and warning to persons who used the walkway.[3] In her deposition testimony, Mrs. Sanzone stated that orange traffic cones were a common sight at the airport, and the cone in question gave no unique indication of a hazard. The plaintiff's export report concludes that the presence of the cone in a parking garage setting could have multiple meanings, including blocking off an area for striping and instructing persons not to park in a specific location. On the showing made, we find no error in the trial court's ruling that sufficient notice of the hazard at issue is a question of material fact that precludes summary judgment.

Accordingly, for the previous reasons, we find that the photo of the airport's remedial measures as offered in repairing the accident site was improper and should not be considered. We grant the application in that regard. In all other respects, we deny relief on the showing made.

Gretna, Louisiana, this 17th day of September, 2024.

**JJM**
**SMC**
**SUS**

---

[2] A report by airport employee Maria Belinski estimated that the location had an "uneven ground surface of about 3.5"." It appears from the plaintiff's expert report that the sidewalk had been leveled and repaired at the time of his inspection, and he therefore relied on the airport's own assessment that the drop was 3 ½ inches. Mrs. Sanzone stated in her deposition that the drop was closer to 6 inches in height.

[3] In another case involving the use of cones to warn of a hazardous condition, *Green v. Brookshire Grocery Co.*, 53,066 (La. App. 2 Cir. 9/25/19), 280 So.3d 1256, 1261, the Second Circuit found that a genuine issue of fact existed of whether a cone's placement at a particular location was sufficient to warn patrons of a hazardous condition on the floor.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **09/17/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-413**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Scott C. Stansbury                          James M. Garner

### MAILED

David I. Courcelle
Attorney at Law
3500 North Causeway Boulevard
Suite 185
Metairie, LA 70002