956 So.2d 756 (2007)
CITIBANK SOUTH DAKOTA, N.A., Plaintiff-Appellee
v.
Karla K. STANFORD, Defendant-Appellant.
No. 42,191-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
W. Jarred Franklin, John W. Evans, Jr., Bossier City, for Appellant.
Edward F. Bukaty, III, Metairie, Warren W. Wingerter, Jr., for Appellee.
Before BROWN, GASKINS, and MOORE, JJ.
BROWN, Chief Judge.
Defendant, Karla K. Stanford, appeals from the city court's judgment granting a motion for summary judgment in favor of plaintiff, Citibank South Dakota, N.A. For the following reasons we reverse and remand.

Facts
In June 2004, Citibank filed suit against Stanford seeking an amount allegedly owed on a VISA credit card account. Stanford filed an answer denying Citibank's allegations and asserting that Citibank's attorney never provided her with verification of the purported debt. Citibank filed a motion for summary judgment. Attached to the motion was an *757 affidavit executed by Leola Phenix, identified as a "designated agent" of Citibank who, in pertinent part, asserted that she was personally familiar with the account at issue and that the balance due by Stanford was $2,908.60 "as more fully described in Exhibit I attached hereto and made a part hereof. . . ." However, there was no Exhibit I attached to the affidavit.
In opposition to the motion, Stanford filed her own affidavit that stated as follows:
I have never entered into any agreement with the Plaintiff in this matter regarding borrowing money from it or the repayment of any money allegedly advanced to me by the Plaintiff. I have never entered into any "Card Agreement" as referred to by the attorney for the Plaintiff in this matter. I've never entered into any agreement with the attorney for the Plaintiff in this matter for the payment of any money to him, either. I have requested verification of the debt, which is the subject of this lawsuit from both the Plaintiff and from its attorney of record, but have never received same from either party. I have never been provided with any promissory note or other form of promise to pay which purports to evidence any debt owed by me to the Plaintiff. I do not believe that I owe the Plaintiff any money, nor that I owe any money to the Plaintiff's attorney, Edward Bukaty.
On January 5, 2005, the trial court heard argument and then denied Citibank's motion for summary judgment. Almost a year later, in December 2005, Citibank filed a pleading entitled "Motion to Reset Summary Judgment." Filed with Citibank's motion was a memorandum in support of the motion for summary judgment with the following attachments: 1) an unsigned copy of a credit card agreement; 2) copies of monthly statements addressed to Stanford showing usage and payments on the account; and 3) a copy of a "Professional Litigation, LLC" check allegedly signed by Stanford and payable to Citibank. None of these attachments, however, were accompanied by an affidavit explaining their relation to this case or verifying their authenticity. Even so, the trial court in June 2006 granted summary judgment in favor of Citibank. It is this judgment from which defendant appealed.[1]

Discussion
On appeal, Stanford argues that the trial court erred in granting Citibank's second motion for summary judgment. She argues that nothing had factually changed subsequent to the original hearing on Citibank's initial motion for summary judgment in January 2005. Stanford also asserts that the trial court failed to give any weight to her affidavit regarding the disputed account agreement and contested amounts.
On the other hand, Citibank argues on appeal that when plaintiff filed its "new motion" for summary judgment, it submitted new evidence, including the monthly statements and a signed check; thus, the court properly rendered judgment in its favor. Citibank's position is that Stanford *758 did not have to sign a contract as she agreed to the terms of the credit card agreement by her use of the card as demonstrated by the monthly statements.
An appellate court reviews a grant of summary judgment de novo. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730; Kelly v. City of Bossier City, 41,705 (La.App.2d Cir.12/13/06), 945 So.2d 229. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein; sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. La. C.C.P. art. 967(A). A document that is not an affidavit, that is not sworn to, or that is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Wells v. Red River Parish Police Jury, 39,445 (La. App.2d Cir.03/02/05), 895 So.2d 676; Boland v. West Feliciana Parish Police Jury, 03-1297 (La.App. 1st Cir.06/25/04), 878 So.2d 808, writ denied, 04-2286 (La.11/24/04), 888 So.2d 231.
In the instant case, the only difference in the evidence offered in support of the first motion for summary judgment and the evidence offered in support of the subsequent motion for summary judgment consisted of copies of an example of an agreement, monthly statements, and a check without a sworn affidavit of explanation and verification. As presented, these items were not competent evidence and should not have been considered. Accordingly, the trial court should have denied summary judgment.[2]

Conclusion
For the reasons set forth above, the trial court's grant of summary judgment is hereby reversed, and the case is remanded to the Shreveport City Court for further proceedings. Costs are assessed to plaintiff-appellee, Citibank South Dakota, N.A.
REVERSED AND REMANDED.
NOTES
[1] On January 25, 2006, the trial court granted summary judgment in Citibank's favor; however, Stanford subsequently filed a motion to annul the judgment arguing that she had filed an exception of res judicata on January 12, 2006, that apparently was overlooked by the trial court. Rather than set the matter for hearing, the trial court simply signed an order granting the motion and annulling the January 25, 2006 judgment. Then, on February 21, 2006, Citibank filed an ex parte motion to vacate the order nullifying the judgment. In June 2006, after conducting a hearing, the trial court set aside its annulment of the January 2006 summary judgment. The effect of the new judgment was to reinstate summary judgment in favor of Citibank. This appeal followed.
[2] We note that the agreement filed was dated 2003 while the credit card use began in 2001. How the two were connected is not explained. A review of the alleged monthly statements shows that the credit card was primarily used to withdraw money from ATMs located at Shreveport/Bossier casinos. A further review shows that the last use of the card was the withdrawal of $215 on May 22, 2003. No payments were made nor was the card used thereafter. However, each month thereafter, the bill increased by the imposition of a $35 "overcredit limit fee," a finance charge and an advance finance charge (the last exhibit presented was dated March 22, 2004). Also, a $35 late fee was charged for each month until December 2003. Stanford also disputes the legal efficacy of these fees and charges. Any new motion for summary judgment needs to address the law concerning these charges.