JUDE G. GRAVOIS, Judge.
12Pefendant/appeIlant, James Urrutia, appeals a trial court grant of summary judgment in favor of plaintiff/appellee, Midland Funding, LLC (“Midland”). The matter at issue is a debt collection action, a suit alleging that Midland was the owner/assignee of Mr. Urrutia’s unpaid Sears MasterCard account with Citibank (South Dakota), N.A. The suit sought a judgment in Midland’s favor in the amount of $5,031.94, together with additional interest of 3.75% from October 6, 2009, and attorney’s fees in the amount of 25% of the total amount of both principal and interest owed, and all costs of the proceedings.
On appeal, Mr. Urrutia argues that the trial court erred in granting summary judgment in favor of Midland, asserting that a genuine issue of material fact remains as to whether Midland proved that it owned the account in question, in that the documentary evidence submitted by Midland does not prove its ownership of the account. He further argues that a genuine issue of material fact remains as to l3the amount of the debt. Thus, Mr. Urrutia argues that the mover for summary judgment, Midland, was not entitled to judgment as a matter of law.
Upon our de novo review of the record, we find no error in the trial court’s grant of summary judgment herein in favor of Midland. Accordingly, we affirm the trial court judgment under review.

PROCEDURAL HISTORY AND FACTS

Midland filed suit against Mr. Urrutia on May 14, 2010, alleging that it was the owner of all rights, title and interest in and to the account in question, being a particularly-described MasterCard account belonging to defendant, James Urrutia, the outstanding balance of which was $5,031.94, together with additional interest of 3.75% from October 6, 2009, and attorney’s fees in the amount of 25% of the total amount of both principal and interest owed, and all costs of the proceedings. Mr. Urrutia was identified by the last four digits of his Social Security number and his city of residence. The MasterCard account was identified by number. The *476 petition claimed that Mr. Urrutia defaulted on the account and the balance sued for remained due after amicable demand had been made on Mr. Urrutia on April 5, 2010.
Mr. Urrutia, appearing in proper person, entered a general denial and claimed thirteen affirmative defenses. The parties then engaged in protracted discovery proceedings and pre-trial hearings, which ultimately resulted in the dismissal of all of Mr. Urrutia’s affirmative defenses as being unsupportable. Midland ultimately filed the subject motion for summary judgment on August 14, 2012, with a memorandum, supplemental memorandum, and documentation in support of its claim that it owned the account after buying it from Citibank, and that Mr. Urrutia had failed to support any of his claimed affirmative defenses with documentation or any other factual evidence. The trial court conducted a hearing |4on Midland’s motion for summary judgment on October 31, 2012, and by judgment signed on November 2, 2012, ruled in favor of Midland and against Mr. Urrutia as originally prayed for. This appeal followed.
On appeal, Mr. Urrutia argues that the trial court erred in granting summary judgment in favor of Midland, claiming that a genuine issue of material fact remains as to the ownership of the account, in that the trial court erred in considering the bill of sale attached to Midland’s motion for summary judgment, it being deficient in proof of Midland’s ownership of the account. Mr. Urrutia also argues that a genuine issue of material fact remains as to the amount of the debt in question.

ANALYSIS

Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Bourgeois v. Boomtown, LLC of Delaware, 10-553 (La.App. 5 Cir. 2/15/11), 62 So.3d 166, 169. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.[1]
*477 |¡iA material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for trial on that issue. Id.
Summary judgment procedure is intended to make a just and speedy determination of every action. La. C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45.
On appeal, Mr. Urrutia argues that the bill of sale attached to the motion for summary judgment at issue should have been stricken because it lists no account number, names, or any other information showing that the defaulted credit card account was transferred from Citibank to Midland.
In support of its motion, Midland cited the case of Sears, Roebuck and Co. v. Richardson, 32,951 (La.App. 2 Cir. 4/5/00), 759 So.2d 190, which held that:
|fiThe pleadings, the demand letter and the affidavit of Hirway established a prima facie case of Sears’ entitlement to summary judgment against the defendant. Although the defendant submitted an affidavit in opposition, the affidavit did not raise a genuine issue of material fact. The defendant’s affidavit did not set forth specific facts supporting the contention that the amount she owed was incorrect. Instead, the affidavit attacked Sears’ evidence by making conclusory allegations concerning the maintenance of the accounting records and her account, and the personal knowledge of the affiant for Sears concerning the amount owed. Our review of the “Sears Itemization Report,” attached to the defendant’s affidavit, does not reveal information that would raise a genuine issue of material fact concerning the amount owed. Therefore, we find that Sears was entitled to summary judgment on this suit for an open account.
Sears, 759 So.2d at 193.
In its motion, Midland noted that it had filed an affidavit of correctness of account certifying the balance and terms sued upon, as well as verifying the credit terms and the itemized statement of the account. Attached to the motion for summary judgment were multiple documents described as a bill of sale of multiple defaulted credit card accounts from Citibank to Midland. A review of those documents in their entirety shows that Midland proved its pri-ma facie case of ownership of the account. The affidavits in the supporting documents state that the record of the account was kept in the course of business and also include supporting affidavits regarding its accuracy.
The supporting documentation includes an affidavit by G. Keith Sias, who works in the office of counsel employed by Midland *478 to sue for collection of the debt. This affidavit establishes that the law office received the case from Midland in April of 2010, and identifies Mr. Urrutia, the account number of the defaulted MasterCard account, the last four digits of his Social Security number, and the amount of the debt, and certifies that no credits were due on the account.
The affidavit of Erin Degal, from Midland, was also included in the documentation. It established that she was employed as a legal specialist at ^Midland Credit Management, Inc., the servicer of this account on behalf of Midland, that she had personal knowledge of the account records maintained on Midland’s behalf, and that she had access to the pertinent account records for this claim. She verified that Midland is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to Mr. Urrutia’s Citibank account (identified by number), and that she had access to and had reviewed the records pertaining to the account and was authorized to make the affidavit on Midland’s behalf.
Attached to Ms. Degal’s affidavit are other supporting documents, including an affidavit of Sabrina Stewart, an employee of Citicorp Credit Services, Inc. (“CCSI”), who attested that CCSI is a subsidiary of Citibank, N.A. (“Citibank”) and services credit card accounts for Citibank, including maintaining and recording information in Citibank’s records as they relate to credit cards owned by Citibank, and that this includes accounts previously owned by Citibank (South Dakota), N.A., which merged into Citibank in or about July 2011. She attested that her duties included having knowledge of, and access to, business records relating to “the Citibank account referenced above,” which was Mr. Urrutia’s account. Ms. Stewart identified the MasterCard account of Mr. Urrutia as one of those accounts previously owned by Citibank and specifically by name, account number, opening date, the last four digits of Mr. Urrutia’s social security number, and account balance, which is the same amount as was listed in Midland’s original petition. She attested that the records of Citibank indicate that the account was sold to Midland on or about January 22, 2010, and that Citibank retained no ownership interest in the account after it was sold. Attached thereto was data printed by Midland Credit Management, Inc. from electronic records provided by Citibank (South Dakota), N.A. pursuant to the Bill of Sale/Assignment of Accounts dated |sJanuary 22, 2010, in connection with the sale of accounts from Citibank (South Dakota), N.A. to Midland. The data was information relating specifically to Mr. Ur-rutia’s account and contained his name, address, birthdate, redacted social security number, account number of the Sears Gold MasterCard in question, and the balance due thereon.
Also included in the documentation are three bills of sale of accounts from CitiFi-nancial, Inc., and Citibank (South Dakota), N.A., to Midland, and the Purchase and Sale agreement between Midland and Citibank (South Dakota), N.A. A statement of account from Sears to Mr. Urrutia is found next, describing the amount due on the account on November 1, 2009 as the same balance as that sued upon. This account notice from Sears to Mr. Urrutia contains his address and account number, as well as a recent balance history and the addition of late charges since the previous statement.
In the trial court, Mr. Urrutia argued at numerous points during the litigation that he had no business relationship or contract with Midland and that Midland had failed to prove the ownership of the debt by *479 failing to show a transfer of the account from Citibank to Midland. Upon review, we find that the evidence attached to Midland’s motion for summary judgment of August 14, 2012, as described above, clearly fulfilled its required burden of proof as mover herein.
Mr. Urrutia also argues that the date of the “write off’ is listed differently twice in the attached documents, and also that a “field” document lists the wrong date for Mr. Urrutia’s birthday, as well as a phone number for him that is wrong. However, these particular issues were not argued in the trial court, and may not be argued for the first time in the appellate court. Mr. Urrutia does not otherwise claim that he never owned the account, that the account number is incorrect, or that his Social Security number listed on the supporting documents was incorrect. The | particular “defects” argued by Mr. Urrutia for the first time in this Court are not material in the overall identification and verification of this account and its transfer from Citibank to Midland. Thus, we find that Midland satisfactorily bore its burden of proof that there is no remaining issue of material fact as to the transfer of the account from Citibank to Midland.
Next, Mr. Urrutia argues that a genuine issue of material fact remains as to the amount of the debt. Upon our de novo review, we disagree. We find no defect in the affidavits and find that in all documents in support of this motion for summary judgment, the amount of the debt is clearly and consistently described as $5,031.94. Mr. Urrutia argues that a “Statement” of the account contained in the record states that the debt is $5,036.90. However, the “Statement” referenced by Mr. Urrutia was attached to a Request for Genuineness of Documents filed by Midland during discovery and was not furnished by Midland in connection with the motion for summary judgment that was granted. Further, the “Statement” to which Mr. Urrutia refers, dated January 29, 2010, lists the account balance as $5,031.94, the amount sued upon and identified in all other documents, but was adjusted upward by $4.96, which represented accrued interest on the balance of the account, as shown on the “Statement.” Thus, this discrepancy in the amount is easily clarified and does not represent a genuine issue of material fact sufficient to cast doubt as to the amount of the account or the trustworthiness of the affidavits, or to defeat the summary judgment granted in Midland’s favor.

CONCLUSION

Accordingly, for the reasons assigned above, we affirm the trial court’s grant of summary judgment in favor of Midland.

AFFIRMED.

. At the time of the hearing on the motion, La. C.C.P. art. 966 mandated that only evidence formally admitted into evidence during the summary judgment hearing could be considered by the trial court. Marengo v. Harding, 13-47 (La.App. 5 Cir. 5/16/13), 118 So.3d 1200, 1202. The evidence relied upon by Midland was not formally introduced into evidence at the hearing held on October 31, 2012. However, La. C.C.P. art. 966 was amended effective August 1, 2013 to remove the requirement of formal introduction of evidence at the hearing on the motion for summary judgment. The article now states, in subparagraph F(2), in pertinent part, that "[ejvidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph.” Subparagraph F(3) of this article states that "[o]bjections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.”
This amendment to Article 966 is procedural and therefore applies retroactively. La. C.C. art. 6. Accordingly, this Court declines to vacate the judgment and remand for a new hearing on the grounds that Midland’s evidence was not formally admitted at the hearing, because after August 1, 2013, there is no longer a requirement to formally admit the evidence at the hearing. Furthermore, defendant did not object to the introduction of Midland's evidence either by written motion, memorandum, or at the hearing held on October 31, 2012, nor on appeal.