WICKER, J.,
concurs with reasons.
|, While I agree with the majority opinion in this case, I write separately to further elucidate upon two issues presented in this appeal.
First, concerning whether the trial court properly struck the pleadings filed by Keith Paul Gagnon on behalf of Proctor’s Cove, I agree with the majority opinion that the trial court did not err in doing so but write further to explain my interpretation of the poorly constructed applicable statute.
La. R.S. 37:213(A) provides:
A. No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
(1) Practice law.
The definition of “practice law” is pro *425 vided in La. R.S. 37:212.[3] Subsection (C) to La. R.S. 37:212 provides an exception to the general [ 2restriction provided in La. R.S. 37:212, prohibiting the practice of law by individuals not licensed to do so. La. R.S. 37:212(C) provides:
C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting or defending any claim, not exceeding five thousand dollars, on its own behalf in the courts of limited jurisdiction or on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
Preliminarily, the exception provided in La. R.S. 37:212(C) is poorly written, causes confusion, and is subject to different interpretations. However, I interpret the provision to permit an LLC member to represent the entity’s interest when the object of the litigation at issue does not exceed $5,000.00. A review of the enactment and amendments to La. R.S. 37:212(C) supports this interpretation.
Subsection (C) was added in 1980 by Act No. 161, which provides that the enactment of Subsection (C) is to “authorize partnerships, corporations, and other legal entities to assert certain claims or enter certain defenses in courts of limited jurisdiction .... ” The language of Subsection *426 (C), as added in 1980, permitted a legal entity to assert “any claim not exceeding twelve hundred dollars or defense pertaining to an open account or promissory note on its own ^behalf in the courts of limited jurisdiction.... ” In 1985, the statute was amended by Act No. 783, “to increase the amount of any claim ... which any partnership, corporation, or other legal entity may assert on its own behalf....” The 1985 amended language to Subsection (C) contained similar language to the pre-1985 version of the statute but raised the amount in dispute to provide that the legal entity could then assert “any claim, not exceeding two thousand dollars.... ”
The statute was again amended in 1992, by Act No. 673, to “raise the amount in dispute below which a partnership, corporation, or legal entity may assert claims in court through an authorized representative .... ” The 1992 revised version of Subsection (C) again increased the amount to five-thousand dollars. The 1992 version read as follows:
C. • Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting any claim, not exceeding five thousand dollars, or defense pertaining to an open account or promissory note, or suit for eviction of tenants on its own behalf in the courts of limited jurisdiction on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
La. R.S. 37:212(C).
Arguably, one could interpret the above version of La. R.S. 37:212(0 to limit any claim asserted by the legal entity to five thousand dollars; however; as to any “defense pertaining to an open account or promissory note, or suit for eviction of tenants[,]” the 1992 version could be read to place nó limit on the amount at issue, with the exception that the litigation must be filed in a court of limited jurisdiction.
La. R.S. 37:212(C) was again amended in 2010, to delete the “defense pertaining to an open account” language and to add an “or” following “courts of limited jurisdiction[.]” The changes are reflected as follows:
| Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting or defending any claim, not exceeding five thousand dollars, on its own behalf in the courts of limited jurisdiction or on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
I interpret the above amendment to provide that a legal entity may assert or defend any claim — not exceeding five thousand dollars — on its own behalf. The entity may assert or defend a claim on its on behalf in a court of limited jurisdiction or in any court through a duly authorized representative. The legislature, in the 2010 amended version — in effect at the time the trial court ruled on First Bank’s Motion to Disqualify Keith Paul Gagnon— placed the language “asserting or defending any claim” before the language imposing the “five thousand dollar” limitation to the amount in controversy. I interpret the amended language to impose a five thousand dollar limitation to any claim or defense asserted by a legal entity on its own behalf, whether filed in a court of limited jurisdiction or in any other court. Therefore, it is my opinion that in order for the exception provided in La. R.S. 37:212(0 to apply — allowing a legal entity to assert or defend a claim' on its own behalf — the *427 amount in controversy subject to the litiga-' tion may not exceed five thousand dollars.
Because the amount in controversy in this litigation clearly exceeds five thousand dollars, it is my opinion that Keith Paul Gagnon, as a member of Proctor’s Cove, is not permitted to defend the LLC under the exception provided in La. R.S. 37:212(C). Accordingly, I agree with the majority opinion that the trial judge did not err in striking pleadings filed by Keith Paul Gagnon on behalf of Proctor’s Cove.
| r,Second, I write, to elucidate upon the confusion and inconsistency which has arisen in this and other circuits regarding the retroactive effect of the many recent amendments to La. C.C.P. art. 966. For the reasons provided herein, I agree with the majority opinion that the version of La. C.C.P. art. 966 in effect at the time of the summary judgment hearings in this case should apply. Therefore, because the version of La. C.C.P. art. 966 in effect at the time of the hearings in this matter required that parties formally offer and introduce evidence in support of their motions for summary judgment — and because First Bank failed to do so — I agree that the summary judgments must be reversed and the matter remanded to the trial court for further proceedings.
At the time of the hearings on First Bank’s motions for summary judgment in this case, La. C.C.P. art. 966 provided that “[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.” Therefore, at the time of the hearings in this case, parties were required to formally introduce evidence into the record to support their motions for summary judgment. However, La. C.C.P. art. 966 was amended in 2013 by Act. No. 391, which added the following language:
Evidence cited in and attached to the motion for summary judgment memo- > randum filed by an adverse party' is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
La. C.C.P. art. 966(F)(2).(emphasis added)
Although La. C.C.P. art. 966 is a procedural article contained in the Louisiana Code of Civil Procedure, amendments to the articles therein may | f,be substantive or procedural. It is my opinion that the 2013 amendment to La. C.C.P. art. 966 is a substantive amendment that cannot be retroactively applied.[4] The 2013 amendment, which provides that evidence submitted for purposes of the motion for summary judgment is “deemed admitted[,]” relieves parties of the obligation to formally offer and introduce such evidence — as required under the prior version of the statute — as well as imposes an obligation upon parties — not required under the prior version of the statute — that any objection to the *428 evidence submitted must be made in writing.[5]
A review of the jurisprudence reveals that this Circuit has issued conflicting decisions concerning the retroactivity of the 2013 amendment to La. C.C.P. art. 966. In Midland Funding, LLC v. Urrutia, 13-459 (La.App. 5 Cir. 12/19/13), 131 So.3d 474, 476, this Court found that the 2013 amendment was procedural in nature and, thus, applied retroactively. This Court stated:
This amendment to Article 966 is procedural and therefore applies retroactively. La. C.C. art. 6. Accordingly, this Court declines to vacate the judgment and remand for a new hearing on the grounds that Midland’s evidence was not formally admitted at the [October 31, 2012] hearing, because after August 1, 2013, there is no longer a requirement to formally admit the evidence at the hearing.
^Accordingly, in Midland, this Court applied the 2013 amendment retroactively on appeal to the summary judgment hearing that took place prior to the 2013 amendment. See also Stipp v. Metlife Auto & Home Ins. Agency, Inc., 13-507 (La.App. 5 Cir. 12/19/13), 131 So.3d 455, 459 (wherein this Court again retroactively applied the 2013 amendment, stating, “La. C.C.P. art. 966 was amended effective August 1, 2013 to remove the requirement of formal introduction of evidence at the hearing on the motion for summary judgment. ... This amendment to Article 966 is procedural and therefore applies retroactively”).
However, this Court has also declined to retroactively apply the 2013 amendment to La. C.C.P. art. 966 and, rather, has applied the law in effect at the time of the summary judgment hearing. In Gutierrez v. State Farm Fire & Cas. Ins. — published subsequent to the 2013 amendment — this Court applied the version of La. C.C.P. art. 966 in effect at the time of the summary judgment hearing. This Court stated:
La. C.C.P. art. 966(B) formerly provided, in pertinent part, “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to - material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis added).
[[Image here]]
[A]t the time of the [October 29, 2012] hearing on the motion for summary judgment here, La. C.C.P. art. 966 mandated that only evidence formally admitted into evidence during the summary judgment hearing could be considered by the trial court....”
Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 512.
|sUpon finding that no evidence was formally introduced at the October 29, 2012 summary judgment hearing, as required *429 under the version of the statute in effect at the time of the hearing, this Court vacated the granting of summary judgment and remanded to the trial court for further proceedings. Id.
The Third Circuit has also issued conflicting decisions concerning the retroactivity of the 2018 amendment to La. C.C.P. art. 966. See Evans v. Bordelon, 13-888 (La.App. 3 Cir. 3/19/14), — So.3d —, 2014 WL 1047052 (wherein the Third Circuit, relying on this Court’s decision in Midland Funding, supra, applied the 2013 amendment retroactively to a summary judgment hearing that occurred prior to the amendment’s effective date.); but see Garman v. Serhan, 13-969 (La.App. 3 Cir. 2/12/14), — So.3d-, 2014 WL 551530; Bourque v. Transit Mix, 13-1390 (La.App. 3 Cir. 5/7/14), — So.3d —, 2014 WL 1805368; and Hooper v. Hodnett, 13-1026 (La.App. 3 Cir. 2/12/14), — So.3d —, 2014 WL 551574 (wherein the Third Circuit — in decisions published subsequent to the 2013 amendment — declined to apply the amendment retroactively but rather applied the version of the law in effect at the time of the summary judgment hearing).
The Fourth Circuit, in Mason v. T & M Boat Rentals, LLC, 13-1048 (La.App. 4 Cir. 3/19/14), 137 So.3d 741, 744-45, considered the 2013 amendment to La. C.C.P. art. 966 and found that the amendment is substantive and, thus, cannot be applied retroactively. In Mason, the Fourth Circuit conducted the following analysis:
La. C.C. art. 6 provides that “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” Although La. C.C.P. art. 966 is contained in the Louisiana Code of Civil Procedure, its retro-activity is not presumed. This Court must “engage in a two-fold inquiry.” Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992). “First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective |9or prospective application.” Id. “If the legislature did not, we must classify the enactment as substantive, procedural or interpretive.” Id. “Substantive laws either establish new rules, rights, and duties or change existing ones.” St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992). “Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment.” Id. “When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies, pre-existing law.” Id.
The version of La. C.C.P. art. 966 in effect at the time of the hearing and the trial court’s ruling required that evidence used to support or oppose a motion for summary judgment be “admitted” instead of simply being “on file.” Therefore, the statute, at the time, required the mover to offer, introduce, and receive permission from the trial court to admit evidence into the record on a motion for summary judgment. This also placed an onus on the opponent to object to any evidence “admitted” by the trial court. That amendment placed new duties upon both the mover and the opponent of a motion for summary judgment in order to ensure that only “admitted” evidence was in the record as opposed to being “on file.” The amendment to La. C.C.P. art. 966 currently in effect provides that “[ejvidence cited in *430 and attached to the motion for summary-judgment ... is deemed admitted.” Thus, the new amendment removed the duties the previous version placed upon both parties and changed the parties’ required duties. Accordingly, we find that Acts 2013, No. 391, 1 is substantive in nature and cannot be applied retroactively ...[•]
Mason v. T & M Boat Rentals, LLC, 13-1048 (La.App. 4 Cir. 3/19/14), 137 So.3d 741, 744.
It is my opinion that the Fourth Circuit’s analysis in Mason accurately determines that the 2013 amendment to La. C.C.P. art. 966 is substantive in nature— removing a party’s previous obligation to formally introduce evidence into the record (as required under the 2012 version) and imposing the additional duty to object to any evidence “deemed admitted” by only doing so in writing (imposed in the 2013 version) — and, thus, cannot be applied retroactively. Nowhere in the Louisiana evi-dentiary construct is any evidence “deemed admitted” nor is there any obligation to file a written objection to the admission of evidence presented in connection with a pre-trial motion and, thus, the parties could not anticipate the | Tnevidentiary changes required under the amended version of La. C.C.P. art. 966. Further, given that the amendment at issue controls evidentiary issues presented at a summary judgment hearing, it is my opinion that the version of the law in effect at the time of the hearing applies.
Given the conflict within this Circuit (and others) concerning the retroactivity of statutory amendments to La. C.C.P. art. 966 as well as the legislature’s continuous revisions to this ever-changing statute, it is my opinion that this issue should be considered and determined by this Court en banc.
Accordingly, for the reasons provided herein, I concur with the majority opinion’s application of the version of La. C.C.P. art. 966 in effect at the time of the summary judgment hearings rather than the current version of the article while on appellate review. Further, because First Bank failed to formally introduce evidence submitted in connection with its motions for summary judgment — as required under the version of La. C.C.P. art. 966 in effect at the time of the summary judgment hearings — I agree that the evidence cannot be considered and that First Bank has failed to meet its burden of proof on its motions.

. La. R.S. 37:212 provides:
A. The practice of law means and includes:
(1) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state; or
(2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
(a) The advising or counseling of another as to secular law;
(b) In behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights;
(c) The doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right; or
(d) Certifying or giving opinions, or rendering a title opinion as a basis of any title insurance report or title insurance policy as provided in R.S. 22:512(17), as it relates to title to immovable property or any interest therein or as to the rank or priority or validity of a lien, privilege or mortgage as well as the preparation of acts of sale, mortgages, credit sales or any acts or other documents passing titles to or encumbering immovable property.
B. Nothing in this Section prohibits any person from attending to and caring for his own business, claims, or demands; or from preparing abstracts of title; or from insuring titles to property, movable or immovable, or an interest therein, or a privilege and encumbrance thereon, but every title insurance contract relating to immovable property must be based upon the certification or opinion of a licensed Louisiana attorney authorized to engage in the practice of law. Nothing in this Section prohibits any person from performing, as a notary public, any act necessary or incidental to the exercise of the powers and functions of the office of notary public, as those powers are delineated in Louisiana Revised Statutes of 1950, Title 35, Section 1 et seq.
C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting or defending any claim, not exceeding five thousand dollars, on its own behalf in the courts of limited jurisdiction or on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
D. Nothing in Article V, Section 24, of the Constitution of Louisiana or this Section shall prohibit justices or judges from performing all acts necessary or incumbent to the authorized exercise of duties as judge advocates or legal officers.

. The 2013 amendment added the "deemed admitted” language and thus removed a party’s obligation to formally offer, file, and introduce evidence submitted in connection with the motion for summary judgment. The 2013 amendment changed the following language, reflected below:
(2) Evidence cited in and attached to the motion for summary judgment or memoran-
dum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Sub-paragraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.

. The 2013 amendment added La. C.C.P. art. 966(F)(3), which provides:
(3) Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.
Further, La. C.C.P. art. 966(F)(3) was recently again amended in 2014 to add a ser-
vice requirement, thereby imposing additional duties upon the parties. The 2014 amendment added language that, "[a]ny such memorandum or written motion to strike shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9.”