EDWARDS, JUDGE PRO TEMPORE, J.
Appellant, Cypress Financial Recoveries, L.L.C., appeals a trial court ruling which granted appellee's motion to dismiss, without prejudice, in an action to collect on an open account. For the reasons that follow, we affirm.
PROCEDURAL HISTORY
On November 18, 2013, appellant, Cypress Financial Recoveries, L.L.C. ("Cypress"), filed a petition in Second Parish Court for the Parish of Jefferson which alleged that appellee/defendant, Glenda Schouest ("Schouest"), had defaulted on a loan made to her by Care Credit, and that it owned the right to collect the principal sum owed by Schouest, together with interest and attorney's fees. While the record does not show that Schouest filed an answer, she did file a response to Cypress' interrogatories on July 18, 2016. On the same date, Schouest also filed a peremptory exception of no right of action that asserted Cypress was not the owner of the account at issue and, therefore, had no standing to collect the alleged debt. Following a September 16, 2016 hearing,[1] the trial court granted Schouest's exception and allowed Cypress 15 days to amend the petition, which it did on September 29, 2016. Cypress did not seek supervisory review of the trial court's judgment. Schouest filed a second peremptory exception of no right of action on November 18, 2016, which reiterated the objections set forth in her original exception. On January 6, 2017, the trial court granted Schouest's exception and gave Cypress 30 days to amend the petition in order to establish *987 ownership of the account as well as the accuracy of the amount alleged to be owed by Schouest. Again, Cypress did not seek supervisory review of the trial court's judgment. Cypress untimely filed its second amended petition on February 16, 2017 and, on March 24, 2017, Schouest filed a motion to dismiss the case, in which she asserted that Cypress' original and amending petitions did not establish that it was the owner of the account at issue or that it had a right to bring the action. On June 15, 2017, the trial court granted Schouest's motion.[2] In an order dated June 22, 2017, the court rendered a judgment that formally granted Schouest's motion to dismiss based upon a finding that Cypress failed "to submit documentation establishing their Right of Action." On July 26, 2017, the trial court amended the June 22, 2017 judgment to clarify that the dismissal was without prejudice.
This timely appeal follows.
ISSUE RAISED ON APPEAL
On appeal, Cypress claims that the trial court erred in granting Schouest's motion to dismiss based upon the finding that it had no right of action.
LAW AND ANALYSIS
"[A]n action can only be brought by a person having a real and actual interest which he asserts." La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(6). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Bailey Drilling Co. , 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n , 94-2015 (La. 11/30/94), 646 So.2d 885, 888. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews de novo . Johnson v. Motiva Enters., LLC , 13-305 (La. App. 5 Cir. 10/30/13), 128 So.3d 483, 488.
In Louisiana, suits to collect credit card debit are treated as suits on an open account.[3] CACV of Colorado, LLC v. Spiehler , 09-151 (La. App. 3 Cir. 6/3/09), 11 So.3d 673, 675. A party who demands performance of an obligation must prove the existence of the obligation. La. C.C. art. 1831. In order to sustain an action on an open account, a creditor bears the burden of proving the demand by a preponderance of the evidence. Ochsner Clinic Found. v. Arguello , 11-326 (La. App. 5 Cir. 11/29/11), 80 So.3d 622, 625. In order to prove an open account, the creditor must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony regarding its accuracy. Id.
In addressing similar issues, this Court has previously considered various factors *988 to determine whether a creditor has provided sufficient evidence to establish a prima facie right to collect on an unpaid debt. For example, in Midland Funding v. Urrutia , 13-459 (La. App. 5 Cir. 12/19/13), 131 So.3d 474, 477-479, we found that a creditor's assignee in its suit to collect on a debtor's unpaid credit card had established its right to do so by producing the following documentation: an affidavit of correctness of account certifying the balance and terms sued upon, as well as verifying the credit terms and the itemized statement of the account; multiple documents described as a bill of sale of multiple defaulted credit card accounts from the original lender to the collection agency; supporting documentation, including an affidavit by an employee of counsel for the debt collector, establishing that the law office received the case from the debt collector, the account number of the defaulted credit card and the last four digits of the defendant's Social Security number. A second affidavit from a "legal specialist" at the debt collection agency verified that the plaintiff was the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to the defendant's account (identified by number), and that she had access to and had reviewed the records pertaining to the account and was authorized to make the affidavit on the plaintiff's behalf. A third affidavit, from an employee of the original creditor, stated that the defendant's account was originally opened by the company, and specifically identified the account by name, account number, opening date and the last four digits of defendant's social security number. The same affidavit attested that the records of the original creditor indicate that the account was sold to the debt collector, and that the original creditor retained no ownership interest in the account after it was sold. Attached thereto was data printed by the debt collector from electronic records provided by the original debtor, pursuant to the Bill of Sale/Assignment of Accounts, in connection with the sale of accounts from the original creditor to the debt collector. The data was information relating specifically to the defendant's account and contained his name, address, birthdate, redacted social security number and account number of the credit card in question. Also included in the documentation were three bills of sale of accounts from the original creditor to debt collector, and the Purchase and Sale agreement between the original creditor to the debt collector.
In the instant case, Cypress' original petition, in relevant part, offered the bare assertion that it is "the owner of all rights, title and interest in this receivable issued through GEC Retail Bank." Shouest challenged Cypress' claim in her exception of no right of action. In response to Schouest's motion, Cypress attached four exhibits to its memorandum in opposition,[4] which were identified as follows: "Exhibit A-CareCredit/GECRB Monthly Statement dated 10/10/2012"; "Exhibit B-Bill of Sale titled "Cypress PSCC MP-May 2013"; "Exhibit C-Affidavit of Sale of Account by Original Creditor, signed May 23, 2013"; and "Exhibit D-Affidavit of Correctness of Account, signed December 7, 2013." At the September 16, 2016 *989 hearing on Schouest's exception, in which no evidence was introduced[5] and no witnesses testified, the trial court stated on the record its finding that Cypress' petition did not show that Cypress had a legal right to attempt to collect the debt. Rather than dismiss the action, however, the trial court gave leave for Cypress to amend its petition within 15 days.
In its first supplemental and amending petition, filed on September 29, 2016, Cypress added the following paragraphs: (31)
I.
The defendant, GLENDA SCHOUEST (SSN XXX-XX-XXXX), individual account holder, domiciled in BARATARIA, LA, knowingly, intentionally, and purposefully opened and agreed to all contract terms and conditions applicable to a CARE CREDIT account issued through GEC RETAIL BANK bearing account number# 6019183000123729.
II.
After opening the Account, Defendant knowingly, intentionally, and purposefully made payments on the Account, the last of which was a payment of $400.00 on or about March 7, 2012.
III.
The subject account was charged-off on October 10, 2012, in the amount of $6,496.88.
IV.
On or about May 19, 2013, the subject account and all rights, titles, and interests thereto was sold to Plaintiff, Cypress Financial Recoveries, LLC.
V.
The defendant has defaulted on the Account, owing a balance of $6,496.88, which remains due and owing after amicable demand by Plaintiff on or about September 9, 2013.
VI.
In accordance with the foregoing, Plaintiff, Cypress Financial Recoveries, LLC, is the owner of all rights, title, and interest in the Account.
VII.
In accordance with the foregoing, the defendant is justly indebted unto Plaintiff in the full sum of $6,496.88, together with additional interest of 4% from date of judgment, attorney's fees in the amount of 25% of the total of both principal and interest, and for all costs of these proceedings.
On November 18, 2016, Schouest filed her second peremptory exception of no right of action, which reiterated her objections set forth in her original exception. The record indicates in a minute entry[6] that, following a hearing on January 6, 2017, the trial court granted Schouest's exception and, in an order dated January 12, 2017, gave Cypress 30 days "in which to amend their Pleadings in order to establish that they are the owners of the account, that is the subject matter of this litigation, and produce statements sufficient to establish the correct amount being sued upon."
On February 16, 2017, Cypress untimely *990 filed its second amending petition,[7] which asserted, in pertinent part, that Schouest had initially opened the account at issue "with CARE CREDIT, issued through GE CAPITAL RETAIL BANK," and that "[o]n or about May 23, 2013 GE CAPITAL RETAIL BANK sold the Account to Cypress Financial Recoveries, LLC." Cypress concluded in its amended petition that, "[i]n accordance with the foregoing, the petitioner is the owner of all rights, title and interest in the Account." On February 16, 2017, Cypress filed several documents into the record, identified as "Exhibits." These documents consisted of the same exhibits attached to Cypress' memorandum in opposition to Schouest's peremptory exception of no right of action, with the addition of an affidavit from Synchrony Bank employee, Felecia Rodriguez. It is unclear whether these documents were filed as attachments to Cypress' second amended petition. As noted above, these documents were never introduced into evidence.
On March 24, 2017, Schouest filed a motion to dismiss case, in which she asserted that Cypress' original and amending petitions did not establish that it was the owner of the account at issue or that it had a right to bring the action.
In our de novo review of the record for the instant case, we first note that no evidence of an original credit agreement between Schouest and CARE CREDIT appears in the record. Further, Schouest denied Cypress' request for admission of fact that she "applied for and were issued a(n) CARE CREDIT account bearing # *****00123729." There was no witness testimony presented by Cypress at either of Schouest's peremptory exceptions, or in her motion to dismiss, which established the existence of a credit agreement or the terms of such an agreement.[8]
While it remains unclear whether Cypress' attachments to its second amending petition were considered by the trial court, nevertheless we find that, upon a review of these attachments, Cypress has failed to conclusively demonstrate its ownership of the account. To wit:
Exhibit "A," attached to Cypress' opposition memo to no right of action, which appears to be a copy of a monthly statement dated October 10, 2012, and which contains no type of verification as to its authenticity, does not sufficiently demonstrate proof of an original obligation.[9]
Exhibit "B", which purports to be a bill of sale from GE Capital to Cypress dated June 4, 2013, generically refers to the sale of "Receivables" to Cypress, without any specific reference to Schouest's account.
Exhibit "C", titled "Affidavit of Sale Of Account By Original Creditor," similarly *991 provides no evidence of an obligation by Schouest, let alone a specific transfer of interest in that account to Cypress.
Exhibit "D", an "Affidavit of Correctness of Account" executed by Charles Parrino, the "VP" of an unidentified entity in New Jersey, claims to have personal knowledge of Schouest's account, but that, in and of itself, does not cure any of the defects previously identified. Further, Parrino's affidavit claims that Cypress acquired ownership of Schouest's credit account from "GEC RETAIL BANK." This information differs from Cypress' own documentation, which variously refers to the original creditor as "Care Credit/GECRB," and "GE MONEY" in Exhibit "A"; "General Electric Capital Corporation," GE Capital Retail Bank," "GEMB Lending, Inc.," "Monogram Credit Services, L.L.C.," "RFS Holding, L.L.C," and GEM Holding, L.L.C.," collectively identified as the "Seller," in Exhibit "B"; as well as the affidavit if Felicia Rodriguez that identifies the original creditors as "GE Capital Retail Bank" and "Synchrony Bank."
Exhibit "E," a collection letter from counsel for Cypress to Schouest, likewise does not satisfy the lack of proof pertaining to the original obligation and proof that Cypress acquired ownership of the obligation.
The affidavit of Felicia Rodriguez states that GE Capital Bank sold the account at issue to Cypress, and that the amount owed, as "reflected in the system" is $6496.88. No documentation of an original credit agreement is attached to the affidavit. The affidavit itself also lacks the sufficient specificity seen in Urrutia , supra , in that it does not confirm Schouest's identity by reference to a social security number or similar means. A date that the account was opened is also not given. Finally, Rodriguez does not attest that the original creditor retained no ownership interest in the account after it was sold.
CONCLUSION
Based upon our de novo review of the record before us, and on the showing made, we find no error in the trial court's action of granting Schouest's motion to dismiss on the basis that Cypress had failed to establish the origin and ownership of the alleged debt. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED
CHAISSON, J., DISSENTS WITH REASONS
For the following reasons, I respectfully dissent from the majority opinion. As correctly noted by the majority, "[t]he exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(6). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." However, the exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Hill v. Jindal , 14-1757, 14-1484 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1000, writ denied , 15-1394 (La. 10/23/15), 179 So.3d 600. This objection is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted. Roger Boc, L.L.C. v. Weigel , 99-570 (La. App. 3 Cir. 11/3/99), 744 So.2d 731, 734. The party raising a peremptory exception bears the burden of proof. Shorter v. Akins , 11-1553 (La. App. 3 Cir. 4/4/12), 86 So.3d 883, 885, writ denied , 12-1363 (La. 10/8/12), 98 So.3d 853 ; Falcon v. Town of Berwick , 03-1861 (La. App. 1 Cir. 6/25/04), 885 So.2d 1222, 1224.
*992 In her exception of no right of action, Ms. Schouest asserted, as the basis of her exception, that Cypress "cannot affirmatively prove by competent, admissible evidence that it is the sole and legal owner of, and has valid legal title to, the credit card account which it seeks to collect from Defendant in this proceeding." Without admitting the existence of an account, or naming an "Original Creditor," Ms. Schouest further averred that Cypress must produce evidence of "the complete chain of title of the account ... beginning with the Original Creditor and terminating with [Cypress]." On the same date that Ms. Schouest filed her exception of no right of action, she also filed a response to Cypress' request for admissions in which she denied that she "applied for and [was] issued a(n) CARE CREDIT account bearing # *****00123729."
Cypress filed an opposition to the exception of no right of action with various attachments, including one which purports to be a May 2013 Bill of Sale of a pool of bundled accounts from various GE entities to Cypress. This document was presumably attached in an attempt to establish the chain of title of this account between GEC Retail Bank and Cypress. Ms. Schouest filed a reply memorandum in which she correctly pointed out that the Bill of Sale attached to Cypress' opposition did not specifically identify any account in the name of Ms. Schouest that was being sold.
At the hearing on the exception, rather than introducing any evidence in support of her exception, Ms. Schouest relied upon the bare assertions made in her written exception. Likewise, Cypress introduced no evidence at the hearing on the exception, particularly failing to introduce the exhibits that were attached to its opposition. After the hearing, the trial court appropriately sustained Ms. Schouest's exception and gave Cypress fifteen days to amend its petition.
Cypress timely filed its first amended petition, in which it clearly alleged that Ms. Schouest opened a "CARE CREDIT" account, issued through "GEC RETAIL BANK," which account was later sold to Cypress. Cypress attached no exhibits to this amended petition. In response, Ms. Schouest filed a second exception of no right of action in which she merely reiterated the assertions made in her original exception of no right of action. Ms. Schouest at this time did not acknowledge the existence of any original debt and made no assertion that "CARE CREDIT" was a separate legal entity from "GEC RETAIL BANK," or that she had actually opened an account with "CARE CREDIT," not "GEC RETAIL BANK." After a hearing on Ms. Schouest's second exception of no right of action, the trial court again sustained the exception and gave Cypress thirty days to amend its petition.[10]
In response, Cypress filed a second amended petition in which it again alleged that Ms. Schouest opened a "CARE CREDIT" account, issued through "GE CAPITAL RETAIL BANK," which account was later sold to Cypress.[11] Attached *993 to this petition were the affidavits and exhibits that Cypress had previously attached to its opposition to Ms. Schouest's first exception of no right of action, and the affidavit of Felicia Rodriguez, an Affidavit Documentation Specialist with Synchrony Bank (formerly known as GE Capital Retail Bank), establishing that Ms. Schouest's account # *****00123729, initially issued through GE Capital Retail Bank (i.e., the original creditor), was sold to Cypress on May 19, 2013.[12]
In response to Cypress' second amended petition, Ms. Schouest filed a motion to dismiss the litigation on the basis that "[n]o petition filed by Plaintiff to date has established it as the owner of the account or the right party to bring this action. Nor has Plaintiff submitted any documentation to support its assertion that it is the owner of the subject account or the correct amount being sued upon."[13] More specifically, Ms. Schouest argued in her written motion:
The only new document Plaintiff has produced to support that it is the owner of the subject account is an Affidavit of Sale by an individual who identifies herself as Felicia Rodriguez, an Affidavit Documentation Specialist at Synchrony Bank. However, the affiant does not describe exactly what is an 'Affidavit Documentation Specialist' nor does she describe her roles and responsibilities with Synchrony Bank. The Affiant does not state that she is familiar with the business records of Synchrony Bank but only that she has reviewed the information regarding Defendant's account, which means she is not familiar with the record. She does not identify any records that she has supposedly reviewed. She does not explain how the business records are maintained or the record-keeping procedures of Synchrony Bank and therefore cannot attest to the actual amount owed."
Again, in her motion to dismiss, Ms. Schouest did not acknowledge the existence of any original debt and made no assertion that "CARE CREDIT" was a separate legal entity from "GE CAPITAL RETAIL BANK," or that she had actually opened an account with "CARE CREDIT," not "GE CAPITAL RETAIL BANK."
At the hearing on the motion to dismiss, counsel for Ms. Schouest first raises the issue that Cypress' second amended petition was filed five days after the court-imposed deadline, and that "would be the easy resolution of this case;" however, without giving the trial court an opportunity to dismiss the matter on that basis if it so chose, counsel continued straight into his argument on the merits of the motion to dismiss. There is no indication in the record that the trial court dismissed the matter on the basis of the untimeliness of the second amended petition, or that it failed to consider the attachments to the *994 petition as they related to the exception of no right of action. To the contrary, at the hearing the trial court indicated that the prior judgment ordering the amendment within thirty days did not contain language indicating that the matter would be dismissed if the amended petition was not timely filed. Additionally, the trial court's written judgment specifically indicates that the matter was dismissed on the basis that Cypress "failed to submit documentation establishing their Right of Action." I therefore agree with the majority's decision to consider the attached exhibits as they relate to the exception of no right of action.[14] However, for the following reasons, I disagree with the majority's conclusion that Cypress "failed to establish the origin and ownership of the alleged debt."
I find particularly troubling that at the hearing on the motion to dismiss, counsel for Ms. Schouest, for the first time, acknowledges that Ms. Schouest did in fact incur a debt of approximately $6,000 with "CARE CREDIT," a statement which directly contradicts Ms. Schouest's prior denial of any such debt in her responses to Cypress' request for admissions. Also troubling in light of her prior denial is the fact that she now, for the first time, attempts to draw a distinction between "CARE CREDIT" and "GE CAPITAL RETAIL BANK," suggesting that they are two separate entities and that there is no evidence of the transfer of Ms. Schouest's account from "CARE CREDIT" to " GE CAPITAL RETAIL BANK."[15] This specific assertion was not raised as a basis for Ms. Schouest's exception of no right of action.
In order to carry her initial burden on her exception of no right of action, Ms. Schouest relied solely upon her denial of the existence of any account (a position which she now contradicts by admitting the existence of an account with "CARE CREDIT") and her assertion that Cypress cannot produce a complete chain of title from the original (unnamed) creditor to Cypress showing that it is the owner of the account. In response, Cypress introduced evidence that the original creditor, "GE CAPITAL RETAIL BANK" (as consistently alleged in its petitions), transferred Ms. Schouest's account to Cypress. Ms. Schouest has introduced absolutely no evidence to counter Cypress' evidence.[16]
In evaluating the weight of the evidence submitted by Cypress, the majority opinion compares the evidence submitted in this case to the evidence submitted in the cases of Midland Funding v. Urrutia , 13-459 (La. App. 5 Cir. 12/19/13), 131 So.3d 474 and Citibank S.D., N.A. v. Stanford , 42,191 (La. App. 2 Cir. 5/9/07), 956 So.2d 756. I note that both Midland and Citibank came before the court on motions for summary judgment in which the plaintiffs were seeking final judgments on the merits. I respectfully disagree that the weight *995 of the evidence necessary to overcome an exception of no right of action is comparable to the weight of the evidence necessary to prevail on the merits, either by summary judgment or trial on the merits. The exception of no right of action merely addresses the threshold question of whether the plaintiff has an interest in judicially enforcing the right asserted. It does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Consequently, I do not share the majority's concern that Cypress has produced no evidence to controvert Ms. Schouest's denial of Cypress' request for admission of fact that she "applied for and [was] issued a(n) CARE CREDIT account bearing # *****00123729," a position which Ms. Schouest has apparently now abandoned. Nor do I share the majority's concern that the original terms of the obligation are "particularly significant, as Cypress is claiming an entitlement to attorney's fees and interest," as those matters are not relevant to an exception of no right of action. Additionally, although I agree with the majority that the May 2013 Bill of Sale of a pool of bundled accounts from various GE entities to Cypress was clearly deficient in establishing Cypress' chain of title to Ms. Schouest's particular account, I find that Ms. Rodriguez's affidavit clearly establishes that "GE CAPITAL RETAIL BANK" is the original creditor of Ms. Schouest's particular account and also establishes the chain of title to Cypress. Ownership of the account, by proof of the identity of the original creditor and the chain of title to Cypress was the basis of Ms. Schouest's exception of no right of action. I do not find that any of the issues raised by Ms. Schouest regarding Ms. Rodriguez's affidavit, as quoted above, have any merit, as they call for proof of matters far beyond what is necessary to overcome an exception of no right of action. Rather than provide any evidence to counter Ms. Rodriguez's affidavit, Ms. Schouest merely relied upon her bare assertion that Cypress could not prove ownership of the account.
For the foregoing reasons, I respectfully disagree with the majority opinion that Cypress has failed to establish the origin and ownership of the debt. In my opinion, Ms. Schouest, having provided no evidence to contradict Ms. Rodriguez's affidavit, has clearly failed to carry her burden of proof on her exception of no right of action. I therefore would reverse the decision of the trial court and remand the matter for further proceedings.

No evidence was introduced, and no witnesses testified at the hearing.

No evidence was introduced and no witnesses testified at the hearing.

La. R.S. § 9:2781(D) provides that an open account:
[i]ncludes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services."

Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Denoux v. Vessel Management Services, Inc. , 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Id. As noted by the First Circuit in Tranum v. Hebert , 581 So.2d 1023 (La. App. 1st Cir. 1991), writ denied , 584 So.2d 1169 (La. 1991), this specifically applies to memoranda (briefs), with attached exhibits, which are filed in the trial court, but not filed in evidence.

At the hearing, counsel for Cypress "provided" Schouest's counsel and the trial court a copy of an affidavit executed by Felicia Rodriguez on September 12, 2016, which had not originally been included as an attachment to its memorandum. Schouest's counsel objected to the affidavit on several grounds, including that it was hearsay and not properly notarized. The record suggests that the trial court found the affidavit to be hearsay, but Cypress does not raise this issue on appeal.

A transcript of the January 6, 2017 hearing has not been made a part of the record before us.

Schouest objected to the untimeliness of Cypress' amending petition at the June 15, 2017 hearing on her motion to dismiss. It is unclear from the record whether the trial court considered the exhibits attached to the untimely amending petition.

The original terms are particularly significant, as Cypress is claiming an entitlement to attorney's fees and interest.

In the context of a summary judgment on an open account, in Citibank S.D., N.A. v. Stanford , 42,191 (La. App. 2 Cir. 05/09/07), 956 So.2d 756, 758, the Second Circuit held that copies of monthly statements, without more, were not sufficient evidence to establish a debt:
A document that is not an affidavit, that is not sworn to, or that is not certified or attached to an affidavit, has no evidentiary value on a motion for summary judgment. Wells v. Red River Parish Police Jury , 39,445 (La. App. 2d Cir. 03/02/05), 895 So.2d 676 ; Boland v. West Feliciana Parish Police Jury , 03-1297 (La. App. 1st Cir. 06/25/04), 878 So.2d 808, writ denied , 04-2286 (La. 11/24/04), 888 So.2d 231.

The appellate record does not include a copy of the transcript of this hearing; however, it does not appear from the trial court's written judgment that it considered any exhibits introduced by either party at this hearing. I therefore presume that none were admitted. Furthermore, I note that the trial court erroneously included in its judgment a requirement that Cypress "produce statements sufficient to establish the correct amount being sued upon." That is an issue relevant to resolution of the merits of the lawsuit, but is not an issue relevant to an exception of no right of action.

Cypress referred to this petition as a "First Supplemental and Amending Petition," despite the fact that it had already filed a previous first amended petition. Additionally, it appears that Cypress corrected the official name of the original creditor by spelling out the word "CAPITAL" in its name.

Although the majority maintains that it is unclear whether these documents were filed as attachments to Cypress' second amended petition, I note that the Clerk of Court's time stamp for filing the second amended petition and all of the attachments indicate that both the petition and all of the attachments were filed on the same date and time, to-wit: February 16, 2017 at 10:30 a.m. As attachments to the petition itself, both the trial court and this Court are able to consider them as they relate to the exception of no right of action just as we can consider any of the allegations of the petition itself.

As previously noted, the issue regarding the "correct amount being sued upon" has absolutely no relevance to an exception of no right of action.

The majority opinion indicates that "it remains unclear whether Cypress' attachments to its second amending petition were considered by the trial court;" however, the trial court stated at the hearing on the motion to dismiss, just prior to ruling, that "I've also gone through the affidavit."

I find this to be a last minute red herring raised by Ms. Schouest, as the statement of account and affidavits submitted clearly show that "CARE CREDIT" is a type of account issued through "GE CAPITAL RETAIL BANK." Therefore, any suit by "GE CAPITAL RETAIL BANK" (or its assignee) is a suit much like American Express might sue a debtor on their Green Card, Gold Card or Platinum Card.

Although counsel for Ms. Schouest indicated at the hearing on the motion to dismiss that Ms. Schouest was present and ready to testify regarding her now-acknowledged account with "CARE CREDIT" and that the "correct party in interest is CareCredit," Ms. Schouest was not called as a witness.